**INTERNATIONAL UNION, UNITED AUTOMOBILE, AEROSPACE AND AGRICULTURAL IMPLEMENT WORKERS OF AMERICA, et al., Plaintiffs,**

v.

**NATIONAL RIGHT TO WORK LEGAL DEFENSE AND EDUCATION FOUNDATION, INC., et al., Defendants.**

**Civ. A. No. 839–73.**

United States District Court,
District of Columbia.

Oct. 24, 1973.

As Amended Jan. 3, 1974.

Joseph L. Rauh, Jr.; John Silard, Elliott C. Lichtman, Washington, D. C., for plaintiffs.

John L. Kilcullen, Rex H. Reed, Washington, D. C., for defendants.

## MEMORANDUM OPINION AND ORDER

CHARLES R. RICHEY, District Judge.

This legal action is brought by the International Union of the United Automobile Workers of America and nine other Unions to correct an imbalance in labor-management relations resulting from the alleged interference by "interested employers" in judicial disputes between Unions and their members. The case concerns the application of the Labor-Management Reporting and Disclosure Act of 1959 (LMRDA), 29 U.S.C. § 401 et seq., to a private foundation's solicitation and use of management contributions to support legal actions brought by workers against their labor organizations challenging a variety of labor organization contracts, rules and actions. Plaintiffs are ten unions seeking declaratory and injunctive relief and damages against defendants National Right to Work Committee and National Right to Work Legal Defense and Education Foundation to restrain defendants from financing and supporting legal actions brought by workers against plaintiff unions as long as defendants receive contributions and support from "interested employers." Plaintiffs allege that the Foundation is a conduit for "interested employers" that enables them to illegally finance numerous suits against unions referred to in the Amended Complaint. Section 101(a)(4) of the Act, 29 U.S.C. § 411(a)(4), prohibits "interested employers" from financing employee suits against unions arising under Title I of the LMRDA.

Plaintiffs in addition seek declaratory and injunctive relief requiring the Committee and the Foundation to file with the Secretary of Labor, pursuant to subsection 203(b)(1), 29 U.S.C. § 433(b)(1), reports containing detailed statements of any agreements or arrangements with contributing employers for the purpose of fomenting or supporting any litigation or other activities intended to persuade workers to exercise or not to exercise, or to persuade workers as to the manner of exercising, the right to organize and bargain collectively through representatives of their own choosing.

■ The case is before the Court on defendants' motion to dismiss each of plaintiffs' claims for relief primarily on the grounds that the two sections of the LMRDA which plaintiffs seek to enforce do not create any right of action such as plaintiffs assert and consequently this Court lacks jurisdiction over the subject matter of plaintiffs' two causes of action. The Court disagrees. The Court finds the statute clear and unambiguous in conferring substantive rights upon plaintiffs which they have standing to vindicate in one proceeding before this Court. Section 102 LMRDA, 29 U.S.C. § 412; 28 U.S.C. §§ 1331, 1337; 28 U.S.C. §§ 2201, 2202. Accordingly, the Court will deny defendants' motion to dismiss.

## I. QUESTIONS PRESENTED.

1. Whether the second proviso to subsection 101(a)(4) of the LMRDA creates in plaintiffs a right of action to restrain defendants financing participation in worker lawsuits arising under Title I of the LMRDA as long as defendants receive financial contributions from "interested employers"?

2. Whether Plaintiffs may enforce the reporting requirements of subsection 203(b)(1) of the LMRDA with respect to defendants' relationship with employers, in a civil proceeding before this Court?

II. PLAINTIFFS ARE "PERSONS" WITHIN THE MEANING OF SECTION 102 OF THE LMRDA, AND, THEREFORE, HAVE "STANDING" TO BRING SUIT IN THIS COURT TO PROTECT THEMSELVES AGAINST INFRINGEMENT OF THE RIGHT TO BE FREE FROM EMPLOYEE LAWSUITS SUPPORTED BY INTERESTED EMPLOYERS IN VIOLATION OF THE SECOND PROVISO TO SUBSECTION 101(a)(4) OF THE ACT.

■ Title I of the Act creates a bill of rights for members of labor organizations and protects their right to sue their union to redress grievances arising under Title I provisions. In providing workers with immunity from union reprisal for bringing a Title I legal action, Congress was not unmindful of the potential for management interference in judicial disputes between worker and union. Congress therefore added a second proviso to the pertinent provision, subsection 101(a)(4), *supra*, concerning employee suits against labor organizations. The proviso reads as follows:

> "That no interested employer or employer association shall directly or indirectly finance, encourage, or participate in, except as a party, any such action, proceeding, appearance or petition." 29 U.S.C. § 411(a)(4).

Under this proviso, interested employers are barred from financing or otherwise supporting Title I lawsuits brought by employees against their unions.

■ The. statutory right of labor organizations to be free from worker suits financed directly or indirectly by interested employers is therefore clear and unambiguous. Where congressional intent is clear in the language of the statute, there is no need to resort to general rules of statutory construction or legislative history in order to construe the provision in issue. Sea-Land Service, Inc. v. Féderal Maritime Commission, 131 U.S.App.D.C. 246, 404 F.2d 824; District of Columbia Nat. Bank v. District of Columbia, 121 U.S.App.D.C. 196, 348 F.2d 808. As a functional matter, the proviso serves to protect unions from harassing litigation and illegal management interference with their internal disputes with dissident workers. Title I as enacted serves that purpose while achieving the overriding objective of guaranteeing fundamental rights to · members of labor organizations. The teeth of Title I are rooted in the civil enforcement provision, section 102 LMRDA, 29 U.S.C. § 412, which affords "persons" whose rights are secured by Title I the opportunity to vindicate those rights in this Court. The Court finds that the rights referred to in section 102 of the Act include express assurance to labor organizations that they shall be immune from "interested employer" intrusion in their judicial disputes with workers.

The definition section of the Act, 29 U.S.C. § 402, provides that the term "person" includes labor organizations. Thus, in light of the "rights secured" for unions by the second proviso to subsection 101(a)(4) of the Act, plaintiffs have "standing" to bring the instant action within the express grant of section 102, *supra*.[1]

---

1. Aside from the express grant of jurisdiction and standing in section 102 of the LMRDA, 29 U.S.C. 412, plaintiffs would appear to have standing as "aggrieved" members of the class for whose benefit the statutory provisions in issue were enacted. Sierra Club v. Morton, 405 U.S. 727, 92 S.Ct. 1361, 31 L.Ed.2d 636 (1972). United States, et al. v. S.C.R.A.P., et al., 412 U.S. 669, 93 S.Ct. 2405, 37 L.Ed.2d 254; Abbott Laboratories v. Gardner, 387 U.S. 136, 141, 87 S.Ct. 1507, 18 L.Ed.2d 681 (1967) ; Barlow v. Collins, 397 U.S. 159, 166, 167, 90 S.Ct. 832, 25 L.Ed.2d 192 (1970). It is noteworthy that defendant has failed to present clear evidence of Congressional intent to limit plaintiffs' access to judicial review. Particularly since plaintiffs' right of action. appears essential to the realization of the Congressional objective reflected in the proviso to subsection 101(a)(4).

The instant proviso is not a narrow qualification of the main text, as defendants suggest, but serves the critical purpose of limiting employer conduct and thereby benefitting labor organizations in their administration of judicial disputes with dissident members. If plaintiffs were without a right of action to secure that unmistakable benefit, the proviso would be a dead letter and the express congressional intent to safeguard intra-union affairs from employer interference would be frustrated.

■ It is the Court's view that a labor organization may seek to protect itself from employer interference within the scope of subsection 101(a)(4) in one of two ways. With respect to the separate court actions referred to in the amended complaint where defendants finance and encourage employee suits against plaintiff union, plaintiffs may interpose alleged illegal funding activities of defendant foundation as a defense. Alternatively, as is the case here, plaintiffs may seek equitable relief requiring defendants to refrain from taking contributions from interested employers as long as the Foundation supports and participates in Title I lawsuits brought by workers against their unions.[2] The latter avenue would be preferable insofar as judicial economy is concerned. Clearly the nature of the relief sought in one proceeding before this Court exceeds the limited relief and jurisdiction of the separate cases now

pending in federal district courts throughout the nation.

Litigative strategy is the work of lawyers, not courts. Plaintiffs have decided to confront an allegedly illegal and certainly aggravating wellspring of employee lawsuits in one proceeding before this Court. The Court is unconcerned whether plaintiffs are steering the safest passage through the broiling waters of litigation, or, for that matter, whether plaintiffs have seized upon the propitious moment for raising. the questions now before the Court. It can only be said with respect to plaintiffs' first cause of action that they are rightfully here and we are properly all together.

III.  PLAINTIFFS ARE "AGGRIEVED" MEMBERS OF THE CLASS PROTECTED BY THE REPORTING AND DISCLOSURE REQUIREMENT OF SECTION 203 OF THE LMRDA, AND, THEREFORE, HAVE STANDING TO INVOKE THE JURISDICTION OF THIS COURT UNDER 28 U.S.C. § 1337 TO OBTAIN ENFORCEMENT OF THE REPORTING REQUIREMENT.

■ In their amended complaint, plaintiffs call upon the Court to determine whether defendants' relationship with employers who contribute to defendants' activities is subject to the requirements of the Act. Title II of the statute sets forth extensive reporting requirements for employers, and parties having

---

2. Defendants belabor the idea throughout their argument that plaintiffs' amended complaint must be dismissed for their failure to make allegations of fact that those employers who support defendants' activities are the immediate employers of those specific workers bringing the Title I cases against plaintiffs referred to in the amended complaint. As defendants define "interested · employer," the term embraces only the immediate employer of an employee. The Court need not reach the definition of "interested employer" to reject defendants' argument and, therefore, reserves the opportunity to define this crucial term on •the basis of further study and reflection. It is enough for the moment to expose defendants' presumptive approach to obtaining dismissal of plaintiffs' case. Defendants offer a definition of "interested employer," claim that none of such an animal contributes to their activities and ask the Court to throw out the complaint since the relevant cause of action concerns only "interested employers." Indefensibly, defendants make no showing that their contributors in fact do not employ those who have brought suit against plaintiffs. Thus the definition of the term is not crucial in light of the dearth of information concerning those who do contribute to defendants' efforts. The argument must fail for lack of substantiation. Defendants have assumed what they are obliged to prove.

particular agreements with employers, 29 U.S.C. § 433, and it provides for criminal and civil enforcement of those requirements, 29 U.S.C. § 439–440. The critical statutory provision here is subsection 203 (b) of the LMRDA, 29 U.S.C. § 433(b), which requires defendants to file an annual report with the Secretary of Labor if defendants have an agreement or arrangement with an employer whereby defendants agreed to undertake activities with one of the specified objects described in the statute as set forth below:

"Every person who pursuant to any agreement or arrangement with an employer undertakes activities where an object thereof is, directly or indirectly—

(1) To persuade employees to exercise or not to exercise, or persuade employees as to the manner of exercising, the right to organize and bargain collectively through representatives of their own choosing; or

(2) To supply an employer with information concerning the activities of employees or a labor organization in connection with a labor dispute *involving such employer,* except information for use solely in conjunction with an administrative or arbitral proceeding or a criminal or civil judicial proceeding;" (emphasis added). 29 U.S.C. § 433(b)(1)(2)

Plaintiffs contend, in part, that the defendants' financing and managing of lawsuits brought by employees against plaintiff unions are means by which defendants seek to persuade workers to exercise or not to exercise, or to persuade employees as to the manner of exercising, the right to organize and bargain collectively through representatives of their own choosing. It is plaintiffs' belief that defendants' failure to file the appropriate reports over the period from 1969 to present constitutes an ongoing violation of the Act that irreparably injures plaintiffs in their administration of the internal affairs of their unions and in their respective collective bargaining efforts.

The only question now before the Court with respect to Plaintiffs' second cause of action under section 203, *supra,* is whether private litigants may invoke the jurisdiction of this Court to obtain the relief requested in this suit. The Court holds that jurisdiction exists here on the basis of 28 U.S.C. § 1337 which provides:

"The District courts shall have original jurisdiction of any civil action or proceeding arising under any Act of Congress regulating commerce or protecting trade and commerce against restraints and monopolies."

Since the amended complaint, as drawn, seeks recovery and equitable relief under an "Act of Congress regulating commerce," the issues raised herein are within the jurisdiction of this Court. See Section 2(c) of the Act, 29 U.S.C. § 401 (c). See also Serio v. Liss, 300 F.2d 386 (3rd Cir. 1961).

The labor organizations which have brought this action are within the class of persons whom Congress was seeking to protect by substantive provisions of law. Their "standing" to obtain judicial enforcement of statutory provisions enacted for their benefit is well-settled. Abbott Laboratories v. Gardner, 387 U.S. 136, 141, 87 S.Ct. 1507, 18 L.Ed.2d 681 (1967); Barlow v. Collins, 397 U.S. 159, 166, 167, 90 S.Ct. 832, 25 L.Ed.2d 192 (1970). Even where the federal statute passed to protect a class of citizens does not specifically authorize members of the protected class to institute suit, courts will find an implied right of action in the statute. Allen v. State Board of Election, 393 U.S. 544, 89 S.Ct. 817, 22 L.Ed.2d 1 (1969); J. I. Case Co. v. Borak, 377 U.S. 426, 84 S.Ct. 1555, 12 L.Ed.2d 423 (1964).

Plaintiffs have exhausted their administrative remedies before the Secretary of Labor (see letter dated November 13, 1972 to General Counsel for the plaintiff, United Automobile Workers) and are properly before the Court to exercise their implied private right of action to

seek judicial enforcement of the LMRDA reporting and disclosure requirements. See Allen v. State Board of Elections, *supra*.

Therefore, upon consideration of defendants' Motion to Dismiss, the opposition thereto, and the able argument of counsel, and in accordance with the reasons set forth in this Memorandum Opinion and Order, it is, by the Court, this 24th day of October, 1973,

Ordered, that defendants' Motion to Dismiss be and the same is hereby denied.