**INTERNATIONAL BROTHERHOOD OF ELECTRICAL WORKERS, LOCAL 336, Plaintiff-Appellant,**

v.

**ILLINOIS BELL TELEPHONE COMPANY, Defendant-Appellee.**

No. 73–1452.

United States Court of Appeals, Seventh Circuit.

Argued Feb. 27, 1974.

Decided May 2, 1974.

**2**

Gilbert A. Cornfield and Thomas W. Duda, Chicago, Ill., for plaintiff-appellant.

Edward W. Bergmann, Chicago, Ill., for defendant-appellee.

Before SWYGERT, Chief Judge, and STEVENS and SPRECHER, Circuit Judges.

SPRECHER, Circuit Judge.

Plaintiff IBEW sued Illinois Bell Telephone Co. to prevent it from financing the defense of IBEW members in a state court suit for enforcement of union fines. The question on appeal is whether section 101 of the Labor-Management Reporting and Disclosure Act (29 U.S.C. § 411) confers on a labor union the right to resolve its disputes with dissident members without financial support of those members by their employer.

The dispute between IBEW and certain of its members dates back to the 1968 strike against Illinois Bell. IBEW alleges that some of its members crossed picket lines and continued to work during the strike. The union filed charges in an intra-union proceeding against those members and conducted hearings which resulted in the assessment of fines of $100 to $500 against those found guilty. The fined members paid installments on their fines in order to appeal to the international vice president. After losing their appeals, the members refused to pay the balance of their fines.

The local president brought suit in the Circuit Court of Cook County to collect the fines. The members asserted seven affirmative defenses and filed a counterclaim to recover the installments they had paid. Illinois Bell admits that it is paying the legal fees and court costs of defendants in the state suit. It has also reimbursed the members for the installment payments.

IBEW filed an unfair labor practice charge of improper interference in internal union affairs with the NLRB. The regional director dismissed the charge on the basis of the Board's view that an employer does not violate the National Labor Relations Act by offering legal and financial assistance to strikebreakers. Leeds & Northrup Co., 155 NLRB 1292 (1965); Standard Plumbing & Heating Co., 185 NLRB No. 63 (1970).[1]

IBEW's complaint in the district court alleges jurisdiction under section 102 (29 U.S.C. § 412) and charges Illinois Bell with violation of the second proviso of section 101(a)(4). Section 102 states: "Any person whose rights secured by the provisions of this subchapter have been infringed by any violation of this subchapter may bring a civil action in a district court of the United States for such relief (including injunctions) as may be appropriate. . . ."[2]

---

1. Illinois Bell contends the NLRB has exclusive competence over this case and that its dismissal preempts federal court jurisdiction under the LMRDA. The contention is erroneous because the LMRDA proscribes conduct not covered by the NLRA. Claims regarding violation of section 101 are properly referred to the district courts. Boilermakers v. Hardeman, 401 U.S. 233, 237–239, 91 S. Ct. 609, 28 L.Ed.2d 10 (1971).

2. We note that some courts have read the second sentence of section 102 to limit jurisdiction to unions as the only proper defendants. ("Any such action against a labor organization shall be brought in the district court of the United States for the district where the alleged violation occurred, or where the principal office of such labor organization is located.") Thompson v. New York Central Rr. Co., 361 F.2d 137 (2d Cir. 1966). As shown by the exhaustive discussion of the legislative history in Rota v. Brotherhood of Railway, Airline & Steamship Clerks, 338 F.Supp. 1176 (E.D.Pa. 1972), the second sentence concerns venue over labor organizations and does not narrow the jurisdictional grant of the first sentence.

Defendant cites a number of cases for the proposition that LMRDA jurisdiction does not cover employers. The cases are inapposite; they hold only that the LMRDA creates no rights in an employee pertaining to his employment relationship. E. g., Abrams v. Carrier Corp., 434 F.2d 1234 (2d Cir. 1970), cert. denied, 401 U.S. 1009, 91 S.Ct. 1253, 28 L.Ed.2d 545 (1971); Duncan

Since a union is a "person" (29 U.S.C. § 402(d)), the question is what rights the union has under section 101(a)(4):

*Protection of the right to sue.*—No labor organization shall limit the right of any member thereof to institute an action in any court, or in a proceeding before any administrative agency, irrespective of whether or not the labor organization or its officers are named as defendants or respondents in such action or proceeding, or the right of any member of a labor organization to appear as a witness in any judicial, administrative, or legislative proceeding, or to petition any legislature or to communicate with any legislator: *Provided,* That any such member may be required to exhaust reasonable hearing procedures (but not to exceed a four-month lapse of time) within such organization, before instituting legal or administrative proceedings against such organizations or any officer thereof: *And provided further,* That no interested employer or employer association shall directly or indirectly finance, encourage, or participate in, except as a party, any such action, proceeding, appearance, or petition.

We know of only three cases which deal with the second proviso of section 101(a)(4): UAW v. National Right to Work, 366 F.Supp. 46 (D.D.C.1973); Adamszewski v. Machinists Local 1487, 496 F.2d 777, No. 73–1166 (7th Cir., 1974); and Farowitz v. Musicians Local 802, 241 F.Supp. 895 (S.D.N.Y.1965).[3]

UAW v. National Right to Work is the only affirmative suit by a union to vindicate its right under the second proviso. The union asked for equitable relief against a private foundation which solicited contributions from employers to finance legal actions brought by employees against their unions. The court found that section 101 confers substantive rights on the union which "include express assurance to labor organizations that they shall be immune from 'interested employer' intrusion in their judicial disputes with workers." 366 F. Supp. at 48. Judge Richey found that, absent jurisdiction in the district courts, "the proviso would be a dead letter and the express congressional intent to safeguard intra-union affairs from employer interference would be frustrated." 366 F.Supp. at 49. The court ruled it had subject matter jurisdiction over the suit.

█ IBEW urges us to carry the broad interpretation of section 101 in *National Right to Work* to its logical conclusion, that the proviso prohibits employer support of union members as defendants. We believe, however, that the expansive language of *National Right to Work* must be read in the context that the defendant foundation was financing suits *by* members *against* unions. Judge Richey may be correct in saying that Congress intended to prevent any form of management interference in internal disputes between unions and their dissident members.[4] But the language Congress chose prohibits the financing of "any such action," which refers back to the right of a member "to institute an action in any court." We can only presume that Congress meant what it said, that an interested employer may not finance the institution of a suit by employees, but is free to finance a defense or a counterclaim.

█ We reach this conclusion reluctantly, because we recognize that the harm to the union is the same whether

v. Peninsula Shipbuilders Ass'n, 394 F.2d 237 (4th Cir. 1968). The second proviso in section 101(a)(4) arguably does create rights in a union against an interested employer.

3. *Adamszewski* and *Farowitz* are cases in which the defendant unions raised the financing proviso as an affirmative defense. In *Adamszewski*, this court upheld dismissal of the complaint because the suit was financed by an interested employer. In *Farowitz*, the court did not dismiss the suit because it found the employers were not "interested."

4. We find nothing in the legislative history concerning the defense of suits against union members.

the employer finances defensive resistance to union discipline or underwrites the filing of a suit to enforce the LMRDA "Bill of Rights." But the plain language of section 101(a)(4) gives plaintiff only half the right it attempts to assert against the employer; the statute does not protect it from company financing of employees as defendants. Nor would section 101 proscribe the employer's instigation of resistance to the fines, since the employees have filed no suits against the union.

We hold that Illinois Bell did not violate any right given IBEW under section 101(a)(4). We affirm dismissal of the complaint for lack of jurisdiction over the subject matter.[5]

Affirmed.

---

5. The district judge found that Illinois Bell violated the second proviso of section 101(a)(4), but that section 102 did not grant jurisdiction over an employer. We disagree with his reasoning, but reach the same result of dismissal.