**INTERNATIONAL UNION UAW et al., Plaintiffs,**

v.

**NATIONAL RIGHT TO WORK LEGAL DEFENSE AND EDUCATION FOUNDATION, INC., et al., Defendants.**

C.A. No. 839–73.

United States District Court, District of Columbia.

June 2, 1977.

Joseph L. Rauh, Jr., John Silard, Elliot C. Lichtman, Mary M. Levy, Washington, D. C., for plaintiffs.

Thomas S. Jackson, Kenneth W. Parkinson, John L. Kilcullen, Rex H. Reed, Washington, D. C., for defendants; Whitney North Seymour, Conrad K. Harper, Deborah E. Lynch, New York City, of counsel.

## MEMORANDUM

CHARLES R. RICHEY, District Judge.

*Introduction and Background*

This Court has issued two published opinions, *see* 366 F.Supp. 46, (D.D.C.1973); 376 F.Supp. 1060 (D.D.C.1974), and numerous unpublished orders over the long history of this litigation which commenced in 1973. The United States Court of Appeals for this Circuit has also published an opinion in this case. *See* 510 F.2d 1239, 167 U.S.App.D.C. 18 (1975). That opinion denied defendants' petition for mandamus against this Court relating to the jurisdiction of the Court, outstanding discovery orders, and other matters. On June 16, 1975, the Supreme Court denied certiorari. 422 U.S. 1008, 95 S.Ct. 2631, 45 L.Ed.2d 671 (1975).

██ Notwithstanding the efforts of this Court, and despite the numerous hearings and orders in this protracted litigation, the defendants have steadfastly disobeyed the orders of this Court and have refused to disclose to the plaintiff unions the names of their contributors. This continued and willful disregard of the Court's orders has forced the Court, in the interests of justice, to invoke certain of the sanctions authorized by Rule 37 of the Federal Rules of Civil Procedure.[1] As a result of defendants' continued refusal to comply with the Court's discovery orders, plaintiffs have been precluded from obtaining from defendants evidence crucial to plaintiffs' claims; the Court has, therefore, pursuant to Fed.R.

---

1. Rule 37(b) of the Federal Rules of Civil Procedure authorizes the court in which an action is pending to enforce its discovery orders by such orders against a noncomplying party as are just. Among the sanctions specifically authorized by Rule 37(b) are: an order designating facts as established in accordance with the claim of the party seeking discovery; an order refusing to permit a disobedient party to op-

pose designated claims, or prohibiting that party from introducing certain matters into evidence; an order striking pleadings or dismissing the action or any part thereof; an order treating as contempt of court the failure to comply; and an order requiring a noncomplying party to pay the reasonable expenses, including attorneys' fees, incurred by the party seeking discovery.

Civ.P. 37(b)(2)(A), deemed established for the purposes of this litigation those facts material to Count I of the second amended complaint which it would be unjust and unfair to require plaintiffs to prove in the absence of the discovery to which they are entitled.

This case is now before the Court on various motions by the parties, including plaintiffs' motion for interlocutory summary judgment and preliminary injunction based on the facts deemed established by this Court's aforesaid Rule 37 orders. The defendants [1a] have alleged as a counterclaim, and for all practical purposes by way of defense to Count I, that in spite of the facts deemed established by the Court pursuant to Rule 37, plaintiffs' claim for relief in Count I is barred by the fact that the statutory provision upon which that claim is based—the proviso to section 101(a)(4) of the Labor-Management Reporting and Disclosure Act, 29 U.S.C. § 411(a)(4)—is, as applied, unconstitutional in that it infringes on the first amendment rights of the defendant Foundation and its contributors.

At the last hearing herein, on April 26, 1977, the Court announced, *inter alia*, that it wanted the benefit of any additional materials the parties wished to submit and that this case had to be decided, once and for all, so that the matter could be readied for appellate review. The Court also advised the parties, upon reconsideration with respect to Count II of the second amended complaint, that it might have erred in 1973 in holding plaintiffs had an implied private right of action to enforce the reporting requirement of 29 U.S.C. § 433(b)(1) directly against allegedly noncomplying employers. Accordingly, the Court asked for additional briefs on this issue.

█ Upon consideration of all the motions now pending before the Court, all the papers filed by the respective parties in support of and in opposition to these motions, the arguments of counsel in open court, and the entire record herein, the Court concludes, on the basis of the entire record herein [2] and for the reasons hereinafter stated, that plaintiffs have established all the elements of a Foundation violation of the proviso to 29 U.S.C. § 411(a)(4) with regard to most of the allegedly Foundation-funded lawsuits set forth in paragraph 10 of the second amended complaint. The Court concludes, however, that insofar as the proviso to 29 U.S.C. § 411(a)(4) proscribes these Foundation activities, the absolute statutory prohibition on interested employer or employer association funding of legal proceedings by union members against their unions violates the first amendment rights of the Foundation and its contributors; the statute, therefore, must be deemed to be void and unenforceable as applied to the defendant Foundation. Accordingly, the Court will deny plaintiffs' motion for interlocutory summary judgment and preliminary injunction and will instead grant summary judgment for the defendants on Count I of the second amended complaint and grant defendants summary judgment on their first counterclaim for declaratory relief.[3] Finally, upon further

---

**1a.** The defendants herein are the National Right to Work Legal Defense and Education Foundation, Inc. (hereinafter, "Foundation") and the National Right to Work Committee (hereinafter, "Committee").

**2.** The record herein of course includes the Rule 37 Order entered by this Court on January 26, 1976, and the Rule 37 Order entered of even date herewith pursuant to the Court's Order to Show Cause of May 11, 1976.

**3.** The Court recognizes that this case is presently in a somewhat unusual posture. Plaintiffs have moved for interlocutory summary judgment on the statutory violation issue regarding Count I of the second amended complaint pending adjudication of the constitutionality of the proviso to 29 U.S.C. § 411(a)(4) as applied to the defendant Foundation. Neither side, however, has formally moved for summary judgment on Count I in its entirety or on defendants' first counterclaim, which seeks a declaratory judgment that the proviso to 29 U.S.C. § 411(a)(4) is unconstitutional as applied to the Foundation.

Nevertheless, upon review of the entire record herein, and based on the Court's interpretation, as hereinafter articulated, of the applicable constitutional precedents, the Court concludes that no facts alleged by plaintiffs herein, even if proved, would render the proviso to 29 U.S.C. § 411(a)(4) constitutional as applied to

consideration of its initial ruling, *see* 366 F.Supp. 46, 49–51 (D.D.C.1973), the Court concludes that plaintiffs do not have a private right of action to seek judicial enforcement of the reporting requirement of 29 U.S.C. § 433(b)(1) directly against allegedly noncomplying employers, and the Court will therefore, *sua sponte*, dismiss Count II of the second amended complaint.

I. *Plaintiffs Have Established That The Foundation Has Violated The Proviso To 29 U.S.C. § 411(a)(4) By Funding Union Members In Certain Suits Against Their Unions.*

 █ Section 101(a)(4) of the Labor-Management Reporting and Disclosure Act (LMRDA), 29 U.S.C. § 411(a)(4), provides in relevant part:

No labor organization shall limit the right of any member thereof to institute an action in any court, or in any proceeding before any administrative agency, irrespective of whether or not the labor organization or its officers are named as defendants or respondents in such action or proceeding, or the right of any member of a labor organization to appear as a witness in any judicial, administrative, or legislative proceeding, or to petition any legislature or to communicate with any legislator: *Provided,* . . . That no interested employer or employer association shall directly or indirectly finance, encourage, or participate in, except as a party, any such action, proceeding, appearance, or petition.[4]

Plaintiffs allege that the defendant Foundation has violated the last proviso of this section by using funds provided by "interested employers" to support labor organization members in a number of suits against their labor organizations.

The suits that allegedly have been funded in violation of this section are listed in paragraph 10 of the second amended complaint herein. They are:

(1) *Reid v. McDonnell Douglas Corp.*, N.D.Okla., C.A. No. 67–0–224, filed September, 1967.

(2) *McNamara v. Johnston*, N.D.Ill., C.A. No. 71C654, filed March, 1971.

(3) *Gabauer, et al., v. Woodcock, et al.*, E.D.Mo., C.A. No. 72C180(A), filed March, 1972.

(3a) *Gabauer v. Woodcock, et al.*, E.D. Mo., C.A. No. 72C164(2), filed March, 1972.

(3b) *Huskey v. Woodcock, et al.*, E.D.Mo., C.A. No. 72C165(4), filed March, 1972.

the defendant-Foundation. Thus, there are no *material* facts genuinely in dispute with regard to the constitutional issue set forth in the counterclaim and pleaded as a defense to Count One, both of which are being adjudicated herein.

In view of the foregoing conclusion that there are no material facts in dispute as to the constitutional issue, and because both sides have had a full opportunity, both at oral argument and in written memoranda, to address the constitutional issue decided herein, and particularly because plaintiffs, against whom these summary judgment(s) are granted, have unequivocally stated that "the record now contains all the facts necessary for the Court's disposition of defendants' constitutional objection," Plaintiffs' Memorandum of May 12, 1977, at 19, the Court concludes that summary judgment is appropriately granted for defendants both on Count I of the second amended complaint and on their first counterclaim for declaratory relief. "To conclude otherwise would result in [an] unnecessary [trial] and would be inconsistent with the objective of [Fed.R.Civ.P.] 56 of expediting the disposition of cases." C. Wright & A. Miller, 10 *Federal Practice and Procedure*, § 2719, at 455 (1973).

The summary judgment for defendants on Count I will also extend to those lawsuits in paragraph 10 of the second amended complaint with respect to which the Court hereinafter concludes that plaintiffs have not yet established all the facts necessary to determine a statutory violation. *See* section I, *infra*. Notwithstanding that plaintiffs might be able to prove at trial the facts that the Court has found to be either in dispute or insufficiently developed and, thus, prove a violation of the proviso to 29 U.S.C. § 411(a)(4), the unconstitutionality of the proviso as applied to the defendant Foundation would preclude the Court from granting plaintiffs any relief. Thus, defendants are entitled as a matter of law to summary judgment with regard to these "disputed" lawsuits also.

4. The proviso at the end of 29 U.S.C. § 411(a)(4) is actually the second proviso to that section. However, since the first proviso to that section is not here in issue, the Court will refer to the second proviso as "the proviso to 29 U.S.C. § 411(a)(4)."

(4) *Seay v. McDonnell Douglas Corp.*, C.D.Cal., C.A. No. 67–1394–HP, filed September, 1967.

(5) *Marker v. Connally*, D.D.C., C.A. No. 2486–71, filed December, 1971.

(6) *Walsh v. Connally*, C.D.Cal., C.A. No. 71–3062–IH, filed December, 1971; transferred to D.D.C., C.A. No. 748–72.

(7) *Buckley v. American Federation of Television and Radio Artists, S.D.N.Y.*, 71 Civ. 146, filed June, 1971.

(8) *Evans v. American Federation of Television and Radio Artists*, S.D.N.Y., 71 Civ. 3920, filed September, 1971.

(9) *Lewis v. American Federation of Television and Radio Artists*, N.Y.Sup.Ct., N.Y.Co., filed November, 1971.

(10) *Mendoza v. United Farm Workers Organizing Committee*, E.D.Cal., C.A. No. F–449 Civil, filed September, 1970.

(11) *Gabaldon v. United Farm Workers Organizing Committee*, Cal.Sup.Ct., Tulare Co., No. 70106, filed August, 1970.

(12) *Ponciano v. United Farm Workers Organizing Committee*, Cal.Sup.Ct., Kern Co., No. 111447, filed October, 1970.

(13) *Braden v. Herman*, W.D.Mo., C.A. No. 2784, filed September, 1971.

(14) *Lay v. Construction, Production and Maintenance Laborers' Union, Local No. 383*, Ariz.Sup.Ct., Maricopa Co., No. 31374, filed May, 1972.

(15) *Richardson v. Communications Workers of America, AFL–CIO*, D.Neb., C.A. No. 02673, filed December, 1966.

(16) *Ferro v. Hercules, Inc.*, Va.Cir.Ct. in Chancery, Pulaski Co., filed November, 1968.

(17) *Adams v. City of Detroit*, Wayne Co., Mich.Cir.Ct. Case No. 159940, filed June, 1970.

(18) *Havas v. Communications Workers of America*, N.D.N.Y., C.A. No. 75–CV–268, filed May, 1975.

(19) *Lohr v. Association of Catholic Teachers*, E.D.Pa., C.A. No. 75–1910, filed July 2, 1975.

(21) *Dean v. Local 164 IBEW*, S.D.N.Y., C.A. No. 74 Civ. 1944, filed May, 1974.

(21a) *Turpin v. NLRB*, Case No. 22–CB–2455, filed July, 1973.[5]

 With regard to all of these suits except *Gabauer v. Woodcock, et al.; Huskey; Braden; Lay; Richardson; Ferro; Havas;* and *Lohr*, it is undisputed that the defendant Foundation has funded at least one full union member in the litigation against his labor organization,[6] and there can be no doubt that these suits are "actions in any court" within the meaning of 29 U.S.C. § 411(a)(4), as previously interpreted by this Court. *See* 376 F.Supp. 1060 (D.D.C.1974). Thus, it appears that the only material issue that plaintiffs must prove to establish a violation of the proviso to 29 U.S.C. § 411(a)(4) for the funding of these suits is whether the Foundation is an "interested employer or employer association" within the meaning of the statute.

The Court agrees with plaintiffs that the Rule 37 orders entered by this Court on January 26, 1976, and by a separate order of even date herewith because of the continued and willful failure of defendants to comply with the discovery orders of this Court establish that the defendant Foundation is an "interested employer association" that acts as a conduit to permit "interested employers" to fund union members in litigation against their labor organizations. These orders, deeming established for the purposes of the instant litigation certain facts that it would be unjust and unfair to

**5.** The cases alleged in paragraph 10(20) of the second amended complaint have already been disposed of by the Court's orders of March 8, 1976, and May 6, 1976, denying plaintiffs' motion to add paragraph 10(20) to the second amended complaint.

**6.** It remains in dispute whether the Foundation has funded the *Gabauer v. Woodcock, et al.*, and *Huskey* cases; and facts concerning membership status are either disputed or not sufficiently developed to permit determination of a Foundation violation *vel non* with regard to the *Braden, Lay, Richardson, Ferro, Havas*, and *Lohr* cases. Nevertheless, for the reasons stated in note 3 *supra*, the summary judgment granted herein to defendants by the Court will extend to those cases also.

require plaintiffs to prove without the benefit of the discovery to which this Court has held they are entitled, together establish:

(I) That a majority of the financial contributors to the defendant Foundation are employers who (1) have contracts or other relationships with some of the plaintiff unions herein; (2) are in the same lines of business in which some of the plaintiff unions herein engage in organization; (3) have union security agreements of their own whose validity or operation may be affected by suits which the defendant Foundation is supporting; (4) have contributed to the anti-union activities of the defendant Committee; and (5) have in other ways manifested their opposition to organized labor.

(II) That such employers have a concrete interest in and would be affected by the lawsuits set forth by plaintiffs in their complaint.

(III) That a majority of the defendant Foundation's funds derive from the contributions of such employers.

(IV) That the financial contributions made by such employers to the Foundation have been given by the Foundation to the plaintiffs in the lawsuits set forth in the complaint for the purposes of financing and encouraging said litigation.

(V) The Foundation (aided by the Committee) has financed, encouraged, managed and participated (other than as a party) in suits instituted by employees and members of labor organizations, which challenge their financial obligations to the union which is their collective bargaining representative. In those activities, the Foundation has been acting as an agent and conduit for employers interested in promoting such suits in order to (1) promote their self-interest in restricting the permissible scope of legality of union security provisions to which they have agreed, been asked to agree, or expect to be required to agree; (2) weaken the dues resources of labor organizations with which they have or anticipate having collective bargaining or other relationships; and (3) generally establish legal limitations on union security and

union political activities which enhance union strength vis-a-vis such employers. These facts establish that the defendant Foundation is an "interested employer association" within the meaning of the proviso of 29 U.S.C. § 411(a)(4). Thus, by financing union members in litigation against their labor organizations, the Foundation has violated the proviso to 29 U.S.C. § 411(a)(4). In addition, the foregoing facts prove that the defendant Foundation has also violated the same proviso by acting as a *conduit* for "interested employers" and using their financial contributions to fund union members in litigation against their labor organizations.

II. *While The Defendant Foundation Has Violated The Proviso To 29 U.S.C. § 411(a)(4), That Proviso Is Void And Unenforceable Against The Foundation Because, As Applied, It Violates The First Amendment Rights Of The Foundation And Its Contributors.*

■ Having concluded that the plaintiffs herein have proved all that is necessary to establish that the Foundation has funded union members in litigation against their labor organizations in violation of the proviso to 29 U.S.C. § 411(a)(4), it is necessary to consider defendants' contention that the proviso is unconstitutional as applied and therefore void and unenforceable against the Foundation.

The Court is mindful of the statement of the Court of Appeals in its opinion in this case that the constitutional issues herein cannot be decided "without a determination of what type of organization the Foundation is in fact." 510 F.2d 1239, 1243. However, after consideration of the entire record herein, and the facts established by the record herein as to the role the defendant Foundation has played in funding union members in lawsuits against their labor organizations, the Court concludes that no other facts concerning the organizational nature of the Foundation are necessary for adjudication of defendants' constitutional counterclaim defense. Plaintiffs' counsel agrees. *See* Transcript (4/26/77), at 65, 67 *et seq.*

The proviso to 29 U.S.C. § 411(a)(4) literally prohibits the Foundation (hereinbefore determined to be an "interested employer association") from *any* direct *or* indirect financing or encouragement of, or participation in, *any* action, proceeding, appearance, or petition by a member of a labor organization. Despite the unrestricted breadth of the proviso's proscription, the only issue raised by the application of the proviso to the Foundation is whether Congress can, consistent with the first amendment, absolutely prohibit the Foundation from *funding* litigation ("court actions") by union members against their labor organizations. The Court concludes that Congress may not constitutionally so restrict the first amendment rights of the Foundation and its contributors.

▆▆▆▆ Defendants contend, and the Court so finds, that the proviso to 29 U.S.C. § 411(a)(4) *clearly, directly,* and *absolutely* interferes with the first amendment rights of petition, association, and speech of the Foundation and its contributors. It is well-established that "the rights to assemble peaceably and to petition for a redress of grievances are among the most precious of the liberties safeguarded by the Bill of Rights." *United Mine Workers v. Illinois State Bar Association,* 389 U.S. 217, 222, 88 S.Ct. 353, 356, 19 L.Ed.2d 426 (1967). It is also well-established that "the right to petition extends to all departments of the Government. The right of access to the courts is indeed but one aspect of the right of petition." *California Motor Transport Co. v. Trucking Unlimited,* 404 U.S. 508, 510, 92 S.Ct. 609, 612, 30 L.Ed.2d 642 (1972). While "grievances for redress of which the right of petition was insured, and with it the right of assembly, are not solely religious or political ones," *United Mine Workers v. Illinois State Bar Association,* 389 U.S. at 223, 88 S.Ct. at 357, *quoting Thomas v. Collins,* 323 U.S. 516, 531, 65 S.Ct. 315, 89 L.Ed. 430 (1945), the first amendment has traditionally been construed strictly in cases involving political expression. As the Supreme Court recently reaffirmed, its "decisions establish with unmistakable clarity that the freedom of an individual to associ-

ate for the purpose of advancing beliefs and ideas is protected by the First [Amendment] . . . ." *Abood v. Detroit Board of Education,* —— U.S. ——, ——, 97 S.Ct. 1782, 1799, 52 L.Ed.2d 261 (1977). This Court finds that, for the Foundation, as the Supreme Court found for the NAACP in the seminal case of *NAACP v. Button,* 371 U.S. 415, 83 S.Ct. 328, 9 L.Ed.2d 405 (1963), "association for litigation may be the most effective form of political association." 371 U.S. at 431, 83 S.Ct. at 337. Thus, the Court concludes that the proviso to 29 U.S.C. § 411(a)(4), by absolutely prohibiting the Foundation and its contributors from joining with union members in suits challenging certain practices of their labor organizations, interferes directly with the rights of petition, association, and speech protected by the first amendment.

▆▆▆▆ It is significant to note that nowhere in their papers do plaintiffs contest the above conclusion; rather, they rely on their argument that notwithstanding the infringement of first amendment rights, the proviso is constitutional because it serves a *"compelling state interest."* Of course, plaintiffs are clearly correct in asserting that the first amendment rights of petition, association, and speech are not absolute: There can be no doubt that if the proviso's infringement on first amendment rights is justified by a "sufficiently compelling" governmental interest, *Wooley v. Maynard,* —— U.S. ——, ——, 97 S.Ct. 1428, 51 L.Ed.2d 752 (1977), and if the means chosen to effectuate that governmental interest is "closely drawn to avoid unnecessary abridgement of [first amendment] freedoms," *Buckley v. Valeo,* 424 U.S. 1, 25, 96 S.Ct. 612, 638, 46 L.Ed.2d 659 (1976), then the proviso would be constitutional. However, "[i]n view of the fundamental nature" of the first amendment rights infringed upon by the proviso, the Court must subject the proviso " 'to the closest scrutiny.' " *Id., quoting NAACP v. Alabama,* 357 U.S. 449, 461, 78 S.Ct. 1163, 2 L.Ed.2d 1488 (1958); *Elrod v. Burns,* 427 U.S. 347, 362, 96 S.Ct. 2673, 49 L.Ed.2d 547 (1976).

■■■■■ Plaintiffs have asserted two governmental interests in barring "interested employer[s] and employer association[s]" from funding litigation brought by union members: (1) the prevention of interference by employers in the relations between unions and their members; and (2) the prevention of employer abuse of employees' 29 U.S.C. § 411(a)(4) rights. Plaintiffs contend, as they must, that both of these governmental interests are compelling.

■■■■■ The Court has given careful consideration to plaintiffs' argument, but the Court concludes that neither of the governmental interests in the regulation of labor-management relations is "sufficiently compelling" to justify the direct and absolute infringement on the first amendment rights of the Foundation and its contributors that is imposed by the proviso to 29 U.S.C. § 411(a)(4).[7] Even if the governmental interests served by the proviso were sufficiently compelling to justify *some* abridgement of first amendment rights, it is manifestly clear that the "unlimited and indiscriminate sweep of the statute" and its "comprehensive interference" with the first amendment rights of the Foundation and its contributors "goes far beyond what might be justified . . . ." *Shelton v. Tucker*, 364 U.S. 479, 490, 81 S.Ct. 247, 253, 5 L.Ed.2d 231 (1960). "It has become axiomatic that '[p]recision of regulation must be the touchstone in an area so closely touching our most precious freedoms.'" *United States v. Robel*, 389 U.S. 258, 265, 88 S.Ct. 419, 424, 19 L.Ed.2d 508 (1967), *quoting NAACP v. Button*, 371 U.S. 415, 438, 83 S.Ct. 328, 9 L.Ed.2d 405 (1963). Thus, even where a governmental purpose is

> legitimate and substantial, that purpose cannot be pursued by means that broadly stifle fundamental personal liberties when the end can be more narrowly achieved. The breadth of legislative abridgement must be viewed in the light of less drastic means for achieving the same basic purpose.

*Wooley v. Maynard*, at ——, 97 S.Ct. at 1436, *quoting Shelton v. Tucker*, 364 U.S. at 488, 81 S.Ct. 247.

The proviso to 29 U.S.C. § 411(a)(4) is certainly not narrowly drawn to minimize the infringement on first amendment rights; nor do the benefits gained by operation of the proviso "outweigh the loss of constitutionally protected rights." *Elrod v. Burns*, 427 U.S. at 363, 96 S.Ct. at 2685. If Congress wants to effectuate the governmental interests in the regulation of labor-management relations which are purportedly served by the proviso, then it "must achieve its goal by means that have a 'less drastic' impact on the continued vitality of First Amendment [rights]." *United States v. Robel*, 389 U.S. at 268, 88 S.Ct. at 426. *Accord, Kusper v. Pontikes*, 414 U.S. 51, 59, 94 S.Ct. 303, 38 L.Ed.2d 260 (1973). The proviso to 29 U.S.C. § 411(a)(4), as it now stands, is unconstitutional as applied to the Foundation because it infringes on the first amendment rights of the Foundation and its contributors, and it is therefore void and unenforceable as against the Foundation.

III. *Plaintiffs May Not Enforce The Reporting Requirements Of 29 U.S.C. § 433(b)(1) By A Private Right Of Action Directly Against The Allegedly Noncomplying Employers.*

■■■■ At the hearing held herein on April 26, 1977, the Court, *sua sponte*, raised the question of whether it had erred in its Memorandum Opinion of October 24, 1973, 366 F.Supp. 46, in denying defendants' motion to dismiss Count II of the complaint. In that opinion, the Court inferred "an implied right of action in the statute," *id.* at 50, that enabled plaintiffs herein to sue the defendants herein in order to compel their compliance with section 203(b)(1) of the Labor-Management Reporting and Disclosure Act, 29 U.S.C. § 433(b)(1). At the April 26, 1977 hearing, the Court requested supplementary memoranda from the parties on this question.

7. As the Supreme Court counseled in *Elrod v. Burns*, "care must be taken not to confuse the interest of partisan organizations with governmental interests. Only the latter will suffice." 427 U.S. at 362, 96 S.Ct. at 2684.

Upon further consideration, the Court concludes that 29 U.S.C. § 433(b)(1) is *not* enforceable by a private action directly against the allegedly noncomplying employer. Rather, the Court concludes that *only* the Secretary of Labor, pursuant to section 210 of the LMRDA, 29 U.S.C. § 440, may bring a civil action to enforce directly the Act's reporting requirements. This construction of the Act appears most consonant with congressional intent as evidenced by the overall statutory scheme of the LMRDA. If the Secretary determines not to institute such an enforcement action after petition by a private party (such as plaintiffs herein), then that party may institute an action against the Secretary challenging his decision not to enforce the Act's reporting requirements. *Cf. Dunlop v. Bachowski*, 421 U.S. 560, 95 S.Ct. 1851, 44 L.Ed.2d 377 (1975)[8]. Thus, Count II of the second amended complaint fails to state a claim upon which relief can be granted, and the Court will, *sua sponte*, dismiss Count II from the complaint.

## IV. *Conclusion*

For the reasons stated above, the Court will (1) grant summary judgment for defendants on Count I of the second amended complaint, (2) grant summary judgment for defendants on their first counterclaim for declaratory relief, and (3) dismiss Count II of the second amended complaint.

An Order in accordance with the foregoing will be issued of even date herewith.

## ORDER

Upon consideration of the various motions pending herein, the oppositions thereto, the respective points and authorities in support thereof and in opposition thereto, the arguments of counsel in open court, and the entire record herein, and for the reasons set forth in this Court's Memorandum issued of even date herewith, it is, by the Court, this 2nd day of June, 1977,

ORDERED, that defendants' motion to take oral discovery under seal and defendants' motion to take written discovery under seal be, and the same hereby are, denied, it appearing to the Court that these means of tendering the discovery information sought by plaintiffs, which was previously ordered produced by the Court, are a mere afterthought and comply neither in substance nor in spirit with the outstanding discovery orders of this Court, and it further appearing that these motions do not represent a good faith effort by defendants to comply with the Court's outstanding discovery orders; and it is

FURTHER ORDERED, that pursuant to Fed.R.Civ.P. 37(b)(2)(A) and the Rule to Show Cause issued by the Court on May 11, 1976, and because defendants have willfully continued to disobey the discovery orders of this Court, it shall be taken as conceded for the purposes of this litigation that a majority of the financial contributors to the defendant National Right to Work Legal Defense and Education Foundation, Inc., are employers that have a concrete interest in and would be affected by the law suits set forth in paragraph 10 of the second amended complaint as a result of the facts deemed to be established by the Court's Rule 37 Order of January 26, 1976; and it shall further be taken as conceded that a majority of the defendant Foundation's income derives from the contributions of such employers; and it is

ORDERED, ADJUDGED, AND DECREED, that, notwithstanding the facts deemed established by the aforegoing ordered paragraph and this Court's Rule 37 Order of January 26, 1976, the proviso to 29 U.S.C. § 411(a)(4) is unconstitutional as applied to the defendant-Foundation because it infringes on the first amendment rights of the Foundation and its contributors; and it is

FURTHER ORDERED, that summary judgment on defendants' first counterclaim be, and the same hereby is, granted for defendants; and it is

---

**8.** Such a suit against the Secretary of Labor must be preceded by the exhaustion of administrative remedies. In the present case, the plaintiffs have already exhausted their administrative remedies. *See* 366 F.Supp. 46, 51–52 (D.D.C.1973).

FURTHER ORDERED, that summary judgment on Count I of the second amended complaint be, and the same hereby is, granted for defendants; and it is

FURTHER ORDERED, that plaintiffs' motion for interlocutory summary judgment and preliminary injunction be, and the same hereby is, denied; and it is

FURTHER ORDERED, that Count II of the second amended complaint be, and the same hereby is, dismissed for failure to state a claim upon which relief can be granted; and it is

FURTHER ORDERED, that all other motions pending herein be, and the same hereby are, dismissed as moot; and it is

FURTHER ORDERED, that because of the aforegoing, this case is now concluded and shall be stricken from the Court's docket.