## CIRCUIT COURT OF THE CITY OF RICHMOND

Frank Sagona and
Alex Sagona

v.

Frank Doty and
Quantum Resources Corp.

November 21, 1991

Case No. 91-5007

By JUDGE MELVIN R. HUGHES, JR.

The judgment debtor in this garnishment proceeding has filed a Motion to Quash Garnishment claiming there is lack of jurisdiction. The garnishment is based on an Illinois judgment in the amount of $35,634.54 against Frank Doty for rents, repair costs, and attorney fees arising out of a lease for a restaurant. The judgment was docketed with the Clerk of this Court, and notice of this was given to Doty. Thereafter, this proceeding began, and notice was given to Doty with a return date of September 5, 1991. On that date, the Court entered an order requiring the garnishee, Quantum, to turn over monies it held as wages due Doty.

Doty was present and participated in the proceedings in Illinois that led to the judgment. He later moved to North Carolina where he now lives and became employed with Carolina Light and Power in North Carolina. Quantum is an employment agency that placed Doty in his employment with Carolina Power. Through an arrangement with Carolina Power, Quantum makes each pay check Doty receives at its offices in Richmond. The checks are then sent to North Carolina and delivered to Doty by Carolina Power there.

Doty has never lived in Virginia, never worked here, and has not otherwise had any significant contact with this state. Because any such contact is lacking, Doty moves under *Shaffer v. Heitner*, 433 U.S. 186 (1977), to quash the garnishment on the ground there is no jurisdiction. He states this garnishment action is an attempt to avoid North Carolina law which bars garnishment of personal wages.

In *Shaffer*, the Supreme Court held that in quasi in rem as well as *in personam* actions, jurisdiction over an absent defendant depends on that defendant's contacts with the forum state and must comport with traditional notions of fair play and substantial justice. Unlike the situation in *Shaffer* where none of the property was physically present in the forum state and was seized in an *ex parte* proceeding, here the *res*, wages due Doty, are unquestionably present here in the hands of Quantum which is also here. In Virginia, a garnishment action is a suit *in personam* against the garnishee as defendant. *Butler v. Butler*, 219 Va. 164, 166 (1978). *Shaffer* allows this garnishment action as a proper proceeding jurisdictionally because:

> Once it has been determined by a court of competent jurisdiction that the defendant is a debtor of the plaintiff, there would seem to be no unfairness in allowing an action to realize on that debt in a State where the defendant has property, whether or not that State would have jurisdiction to determine the existence of the debt as an original matter.

*Shaffer v. Heitner, supra*, 433 U.S. at 210, n. 36.

To allow the garnishment to proceed would not otherwise offend notions of fair play because Doty acknowledges having received notices of the docketing of the judgment and of the institution of this proceeding and in both instances has suggested nothing regarding an inability to contest these matters, as indeed he is doing now.

Accordingly, the motion to quash is denied.