# CIRCUIT COURT OF THE CITY OF WINCHESTER

Virginia Property and
Casualty Insurance
Guaranty Assn.

v.

Mary Ann Renick et al.

August 2, 2002

Case No. (Chancery) 02-23

BY JUDGE JOHN E. WETSEL, JR.

This case came before the Court on July 25, 2002, on the Motion to Dismiss for Lack of Personal Jurisdiction of the Defendants, Mary Ann Renick, Daniel Ford, Administrator of the Estate of Desiree Renick, and Sonja Carl, Administratrix of the Estate of Barbara Ann Lane. Counsel for the parties appeared, and their argument was heard. The Court took the motion under consideration and has now made the following decision to deny the Defendant's Motion to Dismiss.

## I. *Statement of Material Facts*

The following facts are not in dispute.

On November 6, 1996, Mary Ann Renick, her eight year old daughter, Desiree Renick, and Barbara Ann Lane were passengers in an airplane piloted by Rolf Mielzarek when it suffered an in-flight break-up and crash landed in Pennsylvania, killing Barbara Ann Lane and Desiree Renick and seriously injuring Mary Ann Renick.

On October 21, 1998, Renick and Ford filed their personal injury and wrongful death actions in Harrison County, West Virginia.

On October 30, 1998, Sonja Carl, Administratrix of the Estate of Barbara Ann Lane, filed her wrongful death action in Harrison County, West Virginia.

At the time of the accident, Aero Services was insured by American Eagle Insurance Company, which has provided a defense to the Virginia defendants, Aero Services, Highsman, and Atwood (the "Aero Services Defendants"). American Eagle is an insolvent insurer, and, as a result of that insolvency, the Plaintiff in this action is Virginia Property and Casualty Insurance Guaranty Association ("the Association"), which is a non profit legal entity created by Virginia law which may have potential liability for payments arising from the plane crash.

Because of alleged concerns that the Aero Services defendants would raise lack of personal jurisdiction in West Virginia as a defense, Renick, Ford, and Carl filed wrongful death and personal injury actions in Frederick County, Virginia, on November 2, 1998, and November 3, 1998. The Aero Services defendants answered the Frederick County actions.

On May 30, 2001, Carl nonsuited her Virginia action, and on June 12, 2001, Renick's and Ford's Virginia actions were dismissed without prejudice.

Under Virginia Law, the Association is obligated to pay "covered claims" submitted by a "claimant" as those terms are defined in Virginia Code § 38.2-1603. Renick, Ford, Carl, and L. Mielzarek all claim that the Association is obligated to pay them, and there is a question about the extent to which the Association may be liable to pay them for the death of Desiree Renick and Barbara Lane and for the personal injury of Mielzarek. In response to discovery, the Association has confirmed that it is operated by a company known as the Guaranty Fund Management Service, which is based in Massachusetts, and that the Association has no office in Virginia and has no employees in Virginia. The only asset that the Association has in Virginia is $20,000, which it transferred to a bank account in Virginia from Boston, Massachusetts, for the purpose of attempting to create jurisdiction in Virginia. This amount is only a slight fraction of the amount claimed by Ford, Carl, and Mielzarek.

The Association filed this Declaratory Judgment Action in Winchester to resolve the issue of its potential liability for payments arising from the Pennsylvania airplane crash. The Defendants, who are non residents of Virginia, have filed a motion to dismiss claiming that this Court may not exercise jurisdiction over them.

## II. *Conclusions of Law*

The plaintiffs have the burden of proving jurisdictional facts under the long-arm statute. *Haynes v. Carr*, 427 F.2d 700, 704 (4th Cir. 1970) (applying Virginia law). As the Supreme Court recently stated in *Glumina Bank v. D. C. Diamond Corp.*, 259 Va. 312, 317, 527 S.E.2d 775 (2000):

> "The function of our long-arm statute is to assert jurisdiction over nonresidents who engage in some purposeful activity in Virginia, to the extent permissible under the Due Process Clause of the Constitution of the United States." *Nan Ya Plastics Corp. U.S.A. v. DeSantis*, 237 Va. 255, 259, 377 S.E.2d 388, 391, cert. denied, 492 U.S. 921, 106 L. Ed. 2d 594, 109 S. Ct. 3248 (1989). Accord *Peninsula Cruise, Inc. v. New River Yacht Sales, Inc.*, 257 Va. 315, 319, 512 S.E.2d 560, 562 (1999). The Due Process Clause, however, protects a person's liberty interest in not being subject to the binding judgment of a forum unless the person has "certain minimum contacts" within the territory of the forum so that maintenance of the action does not offend "traditional notions of fair play and substantial justice." *DeSantis*, 237 Va. at 259, 377 S.E.2d at 391 (quoting *International Shoe Co. v. Washington*, 326 U.S. 310, 316, 90 L. Ed. 95, 66 S. Ct. 154 (1945)). Accord *Peninsula Cruise*, 257 Va. at 319, 512 S.E.2d at 562.

"An examination of the history of litigation involving the limits placed by the Due Process Clause on the power of state courts to enter binding judgments against persons not served within their boundaries shows a "clearly discernible" trend "toward expanding the permissible scope of state jurisdiction over foreign corporations and other nonresidents." *Nan Ya Plastics Corp. USA v. DeSantis*, 237 Va. 255, 259, 377 S.E.2d 381, 391, cert denied 492 U.S. 921 (1989), quoting *McGee v. International Life Ins. Co.*, 355 U.S. 220, 222, 2 L. Ed. 2d 223, 78 S. Ct. 199 (1957).

In *Raymond, Colesar, Glaspy & Huss v. Allied Capital*, 761 F. Supp. 423, 425-26 (E.D. Va. 1991), the United States District Court for the Eastern District of Virginia concluded that the analysis of the application of the long-arm statute is complicated because the resolution turns on the specific factual situation in question. However, the Court noted that several general principles governing the determination of the proper application of the long-arm statute are well settled:

First, the "manifest purpose" of Virginia Code § 8.01-328.1(A)(1) is "to assert jurisdiction over non-residents who engage in some purposeful activity in [Virginia] to the extent permissible under the due process clause." *John G. Kolbe, Inc. v. Chromodern Chair Co.,* 211 Va. 736. . . .

Second, the acts conferring jurisdiction under the statute must coincide with the acts giving rise to the substantive claim. . . .

Third, no *single* factor is dispositive. The determination whether the statute permits jurisdiction involves examination of both the quantity and quality of the contacts. This involves questions such as who benefitted from the contacts, who initiated them and why, whether the contacts involved any person's physical presence in the state, and what further conduct in the forum state was contemplated by the parties. . . .

A defendant need not ever physically enter Virginia in connection with the disputed transaction.

The Virginia Long Arm Statute "speaks of transacting any business, it is a single-act statute requiring only one transaction in Virginia to confer jurisdiction on our courts." *Nan Ya Plastics Corp., supra* at 260, quoting *Kolbe, Inc. v. Chromodern, Inc.,* 211 Va. 736, 740, 180 S.E.2d 644 (1971). In this case, the Defendants purposely availed themselves of the privilege of filing a negligence action in Virginia arising from the Pennsylvania airplane crash and thereby invoked the benefits and protections of this state's legal system, it does not offend traditional notions of fair play or due process to conclude that that single act was sufficient to confer jurisdiction in this state for other actions to which they may be joined as parties defendant which arose from that same airplane crash.

Having said much about the Long-Arm statute, some courts which have analyzed similar cases where jurisdiction was based on a non-resident party's having filed litigation in the forum state involving the same transaction, have concluded that *in personam* jurisdiction in such cases may be based upon implied consent or waiver. See, e.g. *Adam v. Saenger,* 303 U.S. 59, 58 S. Ct. 454, 82 L. Ed. 649 (1938) (Texas corporation which filed suit in California voluntarily submitted itself to the jurisdiction of the California court for all purposes for which justice requires its presence); *General Contracting & Trade Co., L.L.C. v. Interpole, Inc.,* 940 F.2d 20 (1st Cir. 1991) (a party which elects to avail itself of the benefits of a state's courts surrenders any jurisdiction objections to claims arising out of the same nucleus of operative

facts); *Threlkeld v. Tucker*, 496 F.2d 1 101 (9th Cir. 1974) (husband's prior use of California courts against his ex-wife subjected him to long arm jurisdiction in California to suit filed by wife fourteen months later); *Lyman Steel Corp. v. Ferrostaal Metals Corp.*, 747 F. Supp. 389 (N.D. Ohio 1990) (defendant's conduct in filing a related action in federal court in Ohio subjects it to personal jurisdiction in Ohio because the voluntary filing of a lawsuit is purposeful availment of that forum); *Foster Wheeler Energy Corp. v. Mateallgesellshaft*, 1993 U.S. Dist. Lexis 20450 (D. Del. 1993) (defendant subjected itself to personal jurisdiction in Delaware in a second suit by virtue of having previously filed its own suit in Delaware).

The Association also claims that, since the Defendants Renick, Ford, Carl, and Mielzarek each claim to be "claimants" entitled to a payment of $300,000 from the Association pursuant to Virginia Code § 38.2-1606(A)(1), that this is an *in rem* proceeding directed against a fund, because the property is located in Virginia.

In *Shaffer v. Heitner*, 433 U.S. 186, 53 L. Ed. 2d 683, 97 S. Ct. 2569 (1977), a nonresident shareholder of a Delaware corporation brought a derivative suit in Delaware against the former officer and directors of the corporation. None of the officers or directors were residents of Delaware; however, each had shares of stock held in Delaware by the corporation. The Delaware courts asserted that it had *in rem* jurisdiction over the defendants because the defendants had property (stock) located in the state of Delaware, despite the fact that the plaintiff's claim was not regarding the property itself. The United States Supreme Court held that "all assertions of state court jurisdiction must be evaluated according to the standards set forth in *International Shoe* and its progeny." 433 U.S. at 212, 97 S.Ct. 2584. Therefore, a state still must have minimum contacts over a nonresident defendant to establish jurisdiction by *in rem* or *quasi in rem*, even though the *Shaffer* Court stated that "when claims to the property itself are the source of the underlying controversy between the plaintiff and the defendant, it would be unusual for the states where the property is located not to have jurisdiction." 433 U.S. at 207, 97 S. Ct. 2582.

Since *Shaffer*, the Virginia appellate courts have not addressed the requirements for establishing *in rem* jurisdiction. The Circuit Court of the City of Richmond, distinguished the *Shaffer* opinion in *Sagona v. Doty*, 25 Va. Cir. 529 (1991). In *Doty*, the court held that the *Shaffer* minimum contacts analysis for *in rem* jurisdiction did not apply because the property, which was the subject of the claim, was unquestionably present in Virginia.

In *Base Metal Trading v. OJSC Novokuznetsky Aluminum Factory*, 283 F.3d 208 (4th Cir. 2002). The Fourth Circuit recognized that:

> the presence of property in a state may have an impact on the personal jurisdiction inquiry. Indeed, when claims to the property itself are the source of the underlying controversy between the plaintiff and the defendant, it would be unusual for the State where the property is located not to have jurisdiction. Yet, when the property, which serves as the basis for jurisdiction, is completely unrelated to the plaintiff's cause of action, the presence of property alone will not support jurisdiction. While, the presence of the defendant's property in a State might suggest the existence of other ties among the defendant, the State, and the litigation, when those other ties do not exist, jurisdiction is not reasonable.

*Id.* at 213. The Fourth Circuit recognized that overall "courts must consider the burden on the defendant, the interests of the forum States, and the plaintiff's interest in obtaining relief when determining whether the exercise of jurisdiction is reasonable in any given case." *Id.* (citing *Asahi Metal Indus. Co. v. Superior Court*, 480 U.S. 102, 113, 94 L. Ed. 2d 92, 107 S. Ct. 1026 (1987)).

The Association is a legal entity created by the General Assembly to protect policy holders and claimants from the consequences of insurer insolvency. Virginia Code § 38.2-1600. In this case, the Association claims that the *res* is located in Virginia, therefore, jurisdiction is proper over the non-resident defendants. However, in reality, it is not the fund that is in dispute, but rather the extent to which the parties are entitled to payment from the Association as statutory "claimants." The bank account only contains $20,000; so, if it were determined that the claimants were entitled to the statutory maximum of $300,000, as they claim, then the Association would have to pay additional sums to the claimants. If these payments were not made, then the claimants would have a right of action against the Association, and it would appear that the claimants would have to come to Virginia to pursue that action against the Association, which is an entity created by Virginia law to pay claims asserted against insolvent insurers who formerly issued insurance policies in the Commonwealth of Virginia.

## III. *Decision*

For the foregoing reasons, it is adjudged and ordered that the Motion to Dismiss for Lack of Personal Jurisdiction of the Defendants, Mary Ann Renick, Daniel Ford, Administrator of the Estate of Desiree Renick, and Sonja Carl, Administratrix of the Estate of Barbara Ann Lane, is denied.