**R. D. DOUGLAS, Jr., Appellee,**

**v.**

**W. Willard WIRTZ, Secretary of Labor of the United States Department of Labor, Appellant.**

**No. 9870.**

United States Court of Appeals
Fourth Circuit.

Argued May 5, 1965.

Decided Oct. 8, 1965.

Certiorari Denied Feb. 21, 1966.
See 86 S.Ct. 893.

Oren R. Lewis, District Judge, dissented.

Jacob I. Karro, Deputy Associate Sol., Dept. of Labor John W. Douglas, Asst. Atty. Gen., and Alan S. Rosenthal and Robert C. McDiarmid, Attys., Dept. of Justice (Charles Donahue, Sol., James R. Beaird, Associate Sol., and Nathan Dodell, Atty., Dept. of Labor, on brief), for appellant.

R. D. Douglas, Jr., Greensboro, N. C. (C. Kitchin Josey, and Douglas, Ravenel, Josey & Hardy, Greensboro, N. C., on brief), appellee, pro se.

Before BRYAN and BELL, Circuit Judges, and LEWIS, District Judge.

ALBERT V. BRYAN, Circuit Judge:

The Labor-Management Reporting and Disclosure Act of 1959, 73 Stat. 519, particularly in § 203(b) and (c), 29 U.S. C. §§ 401, 433(b) and (c), was construed by the District Court at the suit of R. D. Douglas, Jr., an attorney at law, contrary to the administrative interpretation of the Secretary of Labor, who now appeals.

The substance of these sections of the law, and their present relevancy, are stated in the point pressed here by the Secretary. It is this: that since, concededly, a lawyer accepting retainment by an employer "to persuade employees to exercise or not to exercise, or persuade employees as to the manner of exercising, the right to organize and

bargain collectively", is required by § 203(b) (1) to report these activities annually to the Secretary, the lawyer is also required by the further provisions of that section to include in such report, not only his receipts and disbursements in connection with those particular undertakings, but as well all his receipts (with related disbursements) in the same year for advice or services in respect to labor relations, even though the advice or services were not within the sphere of the statutory persuasions.

The District Court, in sustaining the argument of Douglas, held that § 203(c) exempts the lawyer from reporting any receipt or expenditure in connection with labor relations advice or services not incident to the employee-persuasion effort of § (b) (1). The terms of the Act and its legislative history, we believe, compel a contrary interpretation.

The sections just cited, § 203(b) and (c), are controlling here and provide:

"(b) Every person who pursuant to any agreement or arrangement with an employer undertakes activities where an object thereof is, directly or indirectly—

(1) to persuade employees to exercise or not to exercise, or persuade employees as to the manner of exercising, the right to organize and bargain collectively through representatives of their own choosing; or

(2) to supply an employer with information concerning the activities of employees or a labor organization in connection with a labor dispute involving such employer, except information for use solely in conjunction with an administrative or arbitral proceeding or a criminal or civil judicial proceeding;

shall file within thirty days after entering into such agreement or arrangement a report with the Secretary, signed by its president and treasurer or corresponding principal officers, containing the name under which such person is engaged in doing business and the address of its principal office, and a detailed statement of the terms and conditions of such agreement or arrangement. Every such person shall file annually, with respect to each fiscal year during which payments were made as a result of such an agreement or arrangement, a report with the Secretary, signed by its president and treasurer or corresponding principal officers, containing a statement (A) of its receipts of any kind from employers on account of labor relations advice or services, designating the sources thereof, and (B) of its disbursements of any kind, in connection with such services and the purposes thereof. In each such case such information shall be set forth in such categories as the Secretary may prescribe.

"(c) Nothing in this section shall be construed to require any employer or other person to file a report covering the services of such person by reason of his giving or agreeing to give advice to such employer or representing or agreeing to represent such employer before any court, administrative agency, or tribunal of arbitration or engaging or agreeing to engage in collective bargaining on behalf of such employer with respect to wages, hours, or other terms or conditions of employment or the negotiation of an agreement or any question arising thereunder."

Plaintiff-appellee, an attorney in good standing, raised the present issue in an action for a judgment declaring his obligations under the Act. In 1960 and 1961 he undertook persuasion services within the meaning of § 203(b) (1) and filed the required 30-day report. However, he refused in the annual report to note any of his receipts and expenses "on account of labor relations advice or service", or the sources thereof, which were not related to the persuasion outlined in § (b) (1). For some reportable

activities under § (b) (1) in 1960 and 1961, final payment was not received from his employers until 1962 and no formal annual report was filed for the year 1962.

Section (b), we emphasize, prescribes two reports. One must be filed within 30 days after the agreement or arrangement for the persuasion activity has been consummated. It is confined to each undertaking for that purpose. Another and far more comprehensive report is required annually. It is this report, as already indicated, with which this case is concerned.

The annual report must designate the source and amount of "receipts of any kind from employers on account of labor relations advice or services", § (b) (A). Highly relevant is the reference to "advice". It is not mentioned in § (b) (1) —the persuasion clause—so that, the Secretary stresses, this reference contemplates the inclusion of advice which is beyond the scope of the persuasion of § (b) (1). Thus the language literally requires a report of payments for other advice unless the requirement of the annual report is narrowed by § (c). But we find no clause in § (c) explicitly delineating the advice which it excepts. Quite baldly it excludes the reporting of services comprising advice, representation and negotiation.

Thus it appears that "advice" is required to be reported by § (b) (A), but is exempted by § (c). A reasonable reconciliation of the conflict, we hold, is to compel the reporting of all income and expenditures in connection with labor relations advice and services, given or rendered aside from the persuasion activities, if the attorney has within the same reporting period also either acted or received payment as a persuader under § (b) (1). Consistently, he would not be required to report fees and expenses for independent advice if there has been neither a persuasion service performed, nor payment for a previous service received, in that year.

This is the necessary conclusion from the wording of §§ (b) (A) and (c). Unless "advice" in the former embraces independent advice, it has no meaning whatsoever. This result in itself would suggest misconstruction of the provision. As the word appears in § (c), it plainly refers to advice apart from the statutory persuasion. Indeed, this is the contention of the lawyer-appellee. The exemption in § (c) is an excusal of any filing whatsoever "by reason of * * * giving or agreeing to give advice." In our judgment the quoted phrase is to be understood to declare that advice in itself and alone does not create an obligation to report. But the two sections together declare that when persuasion services or receipts therefor and independent advice occur in the same fiscal year, all of them must be reported.

This reading is sustained by the legislative history of the Act. Throughout debate on the legislation, the point was noted that the requirement of § (b) encompassed not only an annual report of receipts from persuasion activities but all receipts "on account of labor relations advice". S. 3974, 85th Cong., 2nd Sess. (1958) (Kennedy-Ives Bill); S. 1555, 86th Cong., 1st Sess., § 103(b) (1959) (Kennedy-Ervin Bill); Sen.Rep. No.187, 86th Cong., 1st Sess. on S. 1555, at 12 (1959), U.S.Code Congressional and Administrative News 1959, p. 2318. It was tagged the "shotgun" clause because of the breadth of its pattern. Cong.Rec. 85th Cong., 2nd Sess., 17139, Aug. 12, 1958.

The Senate bill passed that body carrying the assailed clause. The House bill as adopted limited the reports to the agreements or arrangement now substantially embraced in §§ (b) (1) and (2), i. e. to reports only of persuasion undertakings and the supplying of an employer with information concerning his employees' labor activities. H.R. 8342, 86th Cong., 1st Sess. § 203(b) (1959); H.Rep.No.741, 86th Cong., 1st Sess. 35, 36 (1959), U.S.Code Congressional Administrative News 1959, p. 2424. The Conference Committee adopt-

ed the Senate provision. H. Conference Rep.No.1147 on S. 1555, 86th Cong., 1st Sess. 32, 33 (1959), U.S.Code Congressional and Administrative News 1959, p. 2503.

Our acceptance of the Congressional language is confirmed by these two statements of the Senate Committee during the preceding term and in the term of passage of the legislation:

"Section 103(b) requires a labor-relations consultant to file a financial report upon his labor-relations activities if he undertakes to influence or affect employees in the exercise of the rights guaranteed by the National Labor Relations Act or to provide an employer with paid informers or any agency engaged in the business of violating such rights. Since attorneys at law and other responsible labor-relations advisors do not themselves engage in influencing or affecting employees in the exercise of their rights under the National Labor Relations Act, an attorney or other consultant *who confined himself* to giving advice, taking part in collectively bargaining and appearing in court and administrative proceedings nor [sic] would such a consultant be required to report. Although this would be the meaning of the language of sections 103(a) and (b) in any event, a proviso to section 103(b) guards against misconstruction." Sen.Rept. No.1684, 85th Cong., 2d Sess., 8–9 (1958). (Accent added.)

\* \* \* \* \* \*

" \* \* \* An attorney or consultant who *confines himself* to giving legal advice, taking part in collective bargaining and appearing in court or administrative proceedings would not be included among those required to file reports under this subsection [§ (b)]. Specific exemption for persons giving this type of advice is contained in subsection (c) of section 103." Sen.Rept.No.187, 86th Cong., 1st Sess., 12 (1959),

U.S.Code Congressional and Administrative News 1959, p. 2328. (Accent added.)

With this intendment of the Act manifested both in its phraseology and by the Congressional commentaries, we have no occasion to explore the need for or comment upon the wisdom of the legislation.

■ Our view—that a lawyer is obligated to reveal receipts, expenditures and the names of his clients in connection with other labor relations advice or services, if he participates in the practices categorized in § 203(b) (1)—does no injustice to the lawyer. Primarily, as the legislative history records, the requirement is directed to labor consultants. Their work is not necessarily a lawyer's. Indeed, for a legal adviser it would be extracurricular. True, a client may desire such extra-professional services, but, if so, the attorney must balance the benefits with the obligations incident to the undertaking. Of course, one unforeseeable burden may be the subsequent necessity of listing clients who, prior to the persuasion services, were given non-reportable advice without any thought that a later activity would force a report of their names. Here, however, it is well to remember that, save in unusual circumstances, the name of a client is not shielded by the attorney-client privilege. Cf. N.L.R.B. v. Harvey, 349 F.2d 900, decided by this court on July 7, 1965, with opinion by Butzner, D. J. Of course, the content of the communications between the lawyer and the client, even on the subject of labor relations, need not to be included in the report by virtue of § (b). § 204, 29 U.S.C. 434. Appellee does not invoke the section just cited to uphold his primary contention.

Naturally, the conscientious lawyer may be troubled in the determination of whether or not a particular service comes within the statutory prescription "to persuade employees to exercise or not to exercise" their rights. But this is not an uncommon problem. It is faced

**34**

in many situations in which reports are required by law, e. g. whether receipts are reportable as taxable income. Frankness in the report must be met by fairness in interpretation by the Secretary. Border-line instances, doubtlessly, may be submitted with a statement of why in the lawyer's judgment the services were not of the persuasive character envisioned by the statute.

The judgment of the District Court will be vacated with directions to enter an order consistent with the views herein expressed.

Vacated and remanded.

OREN R. LEWIS, District Judge, dissents.