INTERNATIONAL UNION, UNITED AUTOMOBILE, AEROSPACE, AND AGRICULTURAL IMPLEMENT WORKERS OF AMERICA, UAW, et al., Plaintiffs,

v.

Raymond J. DONOVAN, et al., Defendants.

Civ. A. No. 82–2515.

United States District Court, District of Columbia.

Nov. 23, 1983.

---

Stephen I. Schlossberg, Randy S. Rabinowitz, Zwerdling, Schlossberg, Leibig & Kahn, Washington, D.C., John A. Fillion, Leonard Page, United Automobile Workers, Detroit, Mich., Jules Bernstein, Laurence E. Gold, Connerton & Bernstein, Washington, D.C., for plaintiffs.

Robert G. Damus, Christine L. Jones, Arthur R. Goldberg, U.S. Dept. of Justice, Civ. Div., Washington, D.C., for defendants.

## MEMORANDUM

HAROLD H. GREENE, District Judge.

Plaintiffs, a labor organization and two non-profit labor groups, brought this action under Title II of the Labor-Management Reporting and Disclosure Act of 1959 (LMRDA), 29 U.S.C. §§ 401 *et seq.*, and the Administrative Procedure Act, 5 U.S.C. §§ 701 *et seq.*, challenging the decision of the Secretary of Labor (Secretary) not to bring a civil suit against Kawasaki and their attorney-consultants John Tate and Charles Sykes, for their alleged failure to comply with the reporting and disclosure provisions of section 203 of the LMRDA, 29 U.S.C. § 433. Plaintiffs' original complaint sought mandamus against the Secretary to compel him to enforce the employer and persuader reporting and disclosure provisions of the LMRDA against Kawasaki, Tate, Sykes, and the law firm of Tate,

Bruckner and Sykes. In their proposed amended complaint, plaintiffs expand their claim by alleging that the Secretary has engaged in a "pattern and practice" of failing to enforce the reporting provisions of Section 203 against the same attorney-consultants. They further allege that the Secretary's refusal to enforce section 203 against the employer and the attorney-consultants in this case is part of a broader pattern and practice by the Secretary of abrogating his enforcement responsibilities under Title II of the Act. The Secretary has filed the instant motion for dismissal or for summary judgment on the grounds that plaintiffs lack standing to sue and that the LMRDA imposes no enforceable duty upon him. For the reasons stated below, the motion will be granted.

### I

Congress enacted the LMRDA in 1959 to protect the rights and interests of individual employees and the general public from illegal and improper practices on the part of both labor and management and to assure that "labor organizations, employers, and their officials adhere to the highest standards of responsibility and ethical conduct in administering the affairs of their organizations." 29 U.S.C. § 401. Section 203 of the statute imposes a legal duty on employers and their labor relations consultants to disclose their persuader and information-gathering activities.[1] Employers must report to the Secretary all agreements or arrangements with labor relations consultants and all expenditures where one of the objects is to persuade employees in the exercise of their organization or collective bargaining rights, or to obtain information concerning an employee's or labor organization's activities. 29 U.S.C. § 433(a). The Act also imposes a reporting requirement upon persons who, by agreement or arrangement with an employer, engage in activities aimed at persuading employees in the exercise of their organizing or collective bargaining rights or who

---

**1.** Labor organizations and officers and employees of labor organizations are also required to file annual reports with the Secretary of Labor. 29 U.S.C. §§ 431 and 432.

supply information to an employer concerning the activities of employees in connection with a labor dispute. 29 U.S.C. § 433(b).

▮ The Secretary of Labor is charged with enforcing the reporting and disclosure provisions of the LMRDA. 29 U.S.C. § 440 provides that:

Whenever it shall appear that any person has violated or is about to violate any of the provisions of this subchapter, the Secretary may bring a civil action for such relief (including injunctions) as may be appropriate....

There is no private cause of action under section 203. Rather, only the Secretary may bring a civil action to enforce the reporting and disclosure provisions of the LMRDA. *International Union, UAW v. National Right to Work Legal Defense and Education Foundation, Inc.,* 590 F.2d 1139, 1155 (D.C.Cir.1978).

## II

The material facts of this case are not in dispute. In March 1983, the UAW filed an administrative complaint with the Secretary alleging that Kawasaki and its attorney-consultants Tate and Sykes had engaged in conduct at Kawasaki's Lincoln, Nebraska plant which the UAW believed constituted reportable activity under sections 203(a) and (b). By letter dated March 29, 1982, the Department's Director of Labor-Management Standards Enforcement informed the UAW that it had conducted an investigation of the alleged reportable activities but determined that reports were not required. Pursuant to a request under the Freedom of Information Act, 5 U.S.C. § 552, the UAW obtained a copy of the Department of Labor investigative report in which the investigator concluded that the attorney-consultants had not engaged in any reportable conduct, but that Kawa-

saki had engaged in seven instances of such conduct. The report also disclosed that the Department of Labor had requested Kawasaki to file the required report but that Kawasaki had refused.

With this information, the UAW asked the Director on April 19, 1982 to reconsider his decision that reports were not required. The Director, in a letter dated April 26, 1983, responded that

[t]he evidence disclosed during the course of our investigation was not substantial enough to warrant further action.

He further advised plaintiffs that the case files on Kawasaki and the firm of Tate, Bruckner and Sykes were closed but that the UAW could present additional information to the regional office and, if that office deemed it appropriate, the cases might be reopened. On June 16, 1982, the UAW filed a formal petition with the Secretary, again requesting that he take enforcement action in this matter, and it requested a reply within 21 days. The Secretary did not respond within the three week period [2] and plaintiffs filed the instant action on September 8, 1982.

The Secretary filed the instant motion to dismiss or for summary judgment arguing first, that the Workers Defense League and Center to Protect Workers' Rights, two non-profit associations, entirely lack standing to maintain this action and that the UAW lacks standing with respect to counts two and three of the proposed amended complaint; and second, that the Secretary's enforcement authority under Title II of the LMRDA is committed to agency discretion by law and is therefore not subject to judicial review.[3]

## III

▮ The Constitution limits the exercise of the federal judicial power to cases

---

**2.** However, the Secretary states that a response to the petition was being prepared at the time the present action was filed.

**3.** The Secretary also argues that, even if the claims in plaintiffs' complaint were justiciable, the action must be dismissed because the Secre-

tary's statement of reasons for denying the petition to compel reports is not arbitrary, capricious, or contrary to law. Since the motion may be decided on grounds of justiciability (see Part III *infra*) it is not necessary to address that claim.

and controversies. An essential ingredient of this bedrock requirement is that the litigant have standing to challenge the action. In order to establish standing, a plaintiff must show that he personally has suffered some actual or threatened injury as result of the putatively illegal conduct of the defendant, and that injury can fairly be traced to the challenged action and is likely to be redressed by a favorable decision. *Valley Forge v. Americans United for Separation of Church and State, Inc.,* 454 U.S. 464, 472, 102 S.Ct. 752, 758, 70 L.Ed.2d 700 (1982). In addition to the constitutional standing requirements, courts have established prudential limitations which further restrict their power to hear a case. Under section 10 of the APA, a plaintiff has standing to obtain judicial review of agency action only if he suffered a legal wrong or has been adversely affected within the meaning of the relevant statute. Specifically, the claims must be within the zone of interest to be protected or regulated by the statute under scrutiny before the Court may consider the merits. A plaintiff must also be able to assert an injury peculiar to him or to his class, and not merely an abstract question of public significance. *Warth v. Seldin,* 422 U.S. 490, 499, 500, 95 S.Ct. 2197, 2205, 2206, 45 L.Ed.2d 343 (1975). Finally, there must be no "clear and convincing" indication of a legislative intent to withhold judicial review. *Control*

*Data Corp. v. Baldrige,* 655 F.2d 283, 288–89 (D.C.Cir.), *cert. denied,* 454 U.S. 881, 102 S.Ct. 363, 70 L.Ed.2d 190 (1981).

■ The UAW has clearly established the first prerequisite for standing—injury in fact.[4] The alleged reportable conduct of Kawasaki, Tate, and Sykes occurred during a representation election campaign waged by the UAW at Kawasaki's Lincoln, Nebraska plant. The UAW alleges that it has been adversely affected by the Secretary's failure to require disclosure of expenditures to "persuade" Kawasaki employees to vote against the UAW at Kawasaki's Lincoln, Nebraska plant.[5] It further alleges that it was and continues to be injured as a result of the Secretary's failure to enforce the reporting and disclosure requirements of LMRDA against Tate and Sykes,[6] and "persuaders" in general.

■ The Secretary argues that the UAW lacks standing to litigate counts 2 and 3 of its complaint, because it has not alleged that it or any of its members have any relationship to the 27 companies listed in count 2 or that they have suffered a "concrete, objective or immediate" harm as a result of the alleged persuader activities at those companies. The Secretary further argues that the union lacks standing to litigate the allegations in count 3 alleging a general practice of nonenforcement for the same reason. It is true that the alleged

---

4. For purposes of ruling on a motion to dismiss for want of standing, the Court must accept as true all material allegations of the complaint, and must construe the complaint in favor of the complaining party. *Warth v. Seldin,* 422 U.S. 490, 501, 95 S.Ct. 2197, 2206, 45 L.Ed.2d 343 (1975).

5. In any event, the Secretary does not controvert the UAW's standing to obtain judicial review of count 1, the Secretary's decision not to bring a civil action against Kawasaki, Tate, and Sykes for the alleged illegal conduct occurring at Kawasaki's Lincoln, Nebraska plant.

6. In count two, plaintiffs allege that Tate and Sykes, and their law firm, have engaged in pervasive "persuader" activity at 27 companies for which they have not filed reports as required by § 433(b). Defendants state, and plaintiffs have not denied, that they have never complained administratively of the alleged persuader activities of Tate and Sykes or their law firm at 20 of

the 27 companies listed in count two of plaintiffs' amended complaint. Accordingly, plaintiffs' challenge with regard to these 20 companies would have to be dismissed for failure to exhaust their administrative remedies. See *International Union, UAW v. National Right to Work,* 433 F.Supp. 474 (D.D.C.1977). As to the remaining 7 companies, the Department of Labor has taken the following actions: The agency is currently reviewing complaints regarding two of the companies; it has initiated investigations of the unions at two companies; at one company, the Secretary was prepared to compel reports from the employer and consultant, but later received satisfactory reports so no further action was taken; it opened a case involving the sixth company concerning union elections and trusteeships; and the last company is only indirectly mentioned in the Secretary's investigative files.

injury in counts 2 and 3 is less direct and immediate than in count 1. Nevertheless, the Secretary's alleged failure to enforce the reporting and disclosure requirements has a sufficiently adverse effect on plaintiffs and their members by denying them access to information necessary to exercise effectively their right to choose a collective bargaining representative and by denying them a deterrence against improper persuader activity, to be adequate for standing purposes.[7]

■ The interest the UAW seeks to protect is also within the "zone of interest" to be protected by the LMRDA. Congress enacted the reporting and disclosure provisions in order to expose employer and consultant persuader and information gathering activities to unions, their members, and the general public. See 29 U.S.C. § 401. The denial of access to reportable information and the failure of the Secretary to deter improper and unlawful conduct by employers and consultants directly interferes with the UAW's ability to organize workers, the function for which it was created. Because greater enforcement of LMRDA could stimulate the flow of information and induce greater compliance with the Act's disclosure and reporting provisions, the Court finds that plaintiffs have shown a logical nexus between the status asserted and the claim presented for adjudication.

■ The remaining requirement that must be satisfied before the Court can permit plaintiffs to litigate their claims on the merits is that there must be no "clear and convincing" evidence that Congress intended to withhold judicial review.

Under section 10 of the APA, all final agency action is subject to judicial review unless such review is precluded by statute or committed to agency discretion by law. 5 U.S.C. § 701(a)(1) and (2). Because of the APA's strong presumption of reviewability, courts have construed the exceptions of section 10 narrowly. See *Dunlop v. Bachowski*, 421 U.S. 560, 567, 95 S.Ct. 1851, 1857, 44 L.Ed.2d 377 (1975); *Citizens to Preserve Overton Park, Ind. v. Volpe*, 401 U.S. 402, 407, 410, 91 S.Ct. 814, 819, 820, 28 L.Ed.2d 136 (1971); *Chaney v. Heckler*, 718 F.2d 1174 at 1184 (D.C.Cir.1983). The "committed to agency discretion" exception is applicable only in those "rare instances where the governing statute is 'drawn in such broad terms that in a given case there is no law to apply.'" *Citizens to Preserve Overton Park, Ind. v. Volpe, supra*, 401 U.S. at 410, 91 S.Ct. at 820 (quoting S.Rep. No. 752, 79th Cong., 1st Sess. 26 (1945)). This is such a case.

First. The Secretary's civil enforcement authority under Title II of the LMRDA is discretionary by the terms of the statute: Section 210 provides that

> [t]he Secretary *may* bring a civil action for such relief (including injunctions) as may be appropriate.

29 U.S.C. § 440 (emphasis added). The use of the word "may" rather than "shall" reflects a congressional intent to grant the Secretary of Labor broad discretion. See *Southern Ry. v. Seaboard Allied Mining Corp.*, 442 U.S. 444, 455, 99 S.Ct. 2388, 2394, 60 L.Ed.2d 1017 (1979).[8] Moreover, the structure of the LMRDA indicates that when Congress intended to create mandatory enforcement duties which would be subject to judicial review, it used mandatory

---

**7.** Since the UAW meets the standing requirements of "injury in fact" and its claims are within the "zone of interest" protected by LMRDA, the Court need not consider whether the other plaintiffs, the Workers Defense League and the Center to Protect Workers Rights, satisfy these requirements. See, *Watt v. Energy Action Educational Foundation, et al.*, 454 U.S. 151, 160, 102 S.Ct. 205, 212, 70 L.Ed.2d 309 (1981).

**8.** Even where the more mandatory "shall" is used, the person charged with enforcing the statute still has discretion over decisions concerning investigation and enforcement. See *e.g., Chaney v. Heckler*, 718 F.2d 1174 (D.C.Cir. 1983) (although the applicable provisions of the Food, Drug, and Cosmetic Act used mandatory language, *i.e.,* "shall," the Court found that the Commissioner could, in the exercise of his discretion, choose not to enforce the Act against particular violators, provided that this decision to do so was not arbitrary, capricious, or without authority of law.) See also, 2 K. Davis, *Administrative Law Treatise*, § 9.5 at 238 (2d ed. 1979) ("shall" means "may").

language. For example, section 402(b) of the LMRDA, 29 U.S.C. § 482, provides that the Secretary

> shall investigate ... and, if he finds probable cause to believe that a violation ... has occurred ... he shall ... bring a civil action ....

The Supreme Court construed even this provision as giving courts only a very narrow scope of review of the Secretary's determination not to bring an action on behalf of a complainant. *Dunlop v. Bachowski*, 421 U.S. 560, 568, 95 S.Ct. 1851, 1858, 44 L.Ed.2d 377 (1975).

Second. Nothing in the civil enforcement section of LMRDA delimits the scope or manner in which the Secretary may exercise his discretion in determining whether or not to bring an enforcement action. The statute merely states that if the Secretary finds a violation has occurred or is about to occur, he "may" bring a civil action. The statute provides no substantive standard by which the Court can assess the reasonableness of the Secretary's exercise of his discretion. *Ashton v. Pierce*, 541 F.Supp. 635, 643 (D.D.C.1982). Nor are there any agency regulations or policies which would fill the void. In *Chaney v. Heckler*, 718 F.2d 1174 (D.C.Cir.1983), the FDA, in a policy statement, "made law" to govern and guide its discretion in regulating the unapproved use of approved drugs. The Court found that this policy statement, along with the precise terms of the statute[9] and the case law, provided it with more than enough law to apply. *Id.* at 1186–87. Here, the Court is faced with the reverse situation—there is simply no law to apply.[10]

Third. Although the legislative history of the LMRDA does not state explicitly that judicial review of the Secretary's decision not to bring suit against particular violators is prohibited, both the Senate and House bills state that the Secretary of Labor should have broad discretion to insure effectuation of the Act's objectives. S.Rep. No. 187 and H.R. No. 741, 86th Cong., 1st Sess. 4, *reprinted in* 1959 U.S.Code Cong. & Ad.News 2318, 2351 and 2449.[11] Moreover, any argument for judicial review of the Secretary's decision not to bring an action presents obvious difficulties in light of the fact that Congress gave exclusive enforcement authority to the Secretary. See *Dunlop v. Bachowski, supra,* 421 U.S. at 575, 95 S.Ct. at 1861.

Fourth. Important policies support Congress' decision to commit enforcement deci-

---

**9.** See note 7 *supra* and accompanying text. The FDCA regulations at issue in *Chaney* are phrased in mandatory terms. See 21 U.S.C. § 333(a) ("Any person who violates [§ 331] *shall* be imprisoned ... or fined"); *id.* § 336 (at minimum, the secretary must provide suitable written notice or warning of minor violations). Moreover, the "legislative history [of the FDCA] indicates that Congress intended for courts to review and to grant appropriate relief against 'any act or omission on the part of the Department in the administration of the Act.'" *Chaney v. Heckler, supra,* at 1186 n. 29 (quoting S.Rep. No. 646, 74th Cong., 1st Sess. 1 (1935)).

**10.** Plaintiffs argue that, although the LMRDA may vest broad discretion in the Secretary, that discretion is not wholly without judicially discernable limits. The cases cited by plaintiffs, however, are distinguishable from the case at bar, in that the reviewing courts in all of them found some law to apply. See *Save the Bay v. EPA*, 556 F.2d 1282, 1294 (5th Cir.1977) (while EPA guidelines and regulations provided the court with some law to apply, the court held that it did not have jurisdiction to review the EPA's refusal to veto a particular permit issued by a state agency); *Concerned Residents of Buck Hill Falls v. Grant,* 537 F.2d 29, 35 (3d Cir.1976) (although the statute indisputably vests a broad discretion in the Secretary, the provision in the act which required "satisfactory assurances" furnished the court with at least some law to apply).

**11.** One of the reasons that Congress may have given the Secretary of Labor exclusive authority to enforce the disclosure provisions of LMRDA is that

> [a]ll of the activities required to be reported by this section are not illegal nor are they unfair labor practices. However, since most of them are disruptive of harmonious labor relations and fall into a gray area, the [Senate] Committee believe that ... they should be reported.

S.Rep. No. 187, reprinted in 1959 U.S.Code Cong. & Ad.News at 2328. This also supports the finding that the Secretary's decision not to bring an enforcement action under § 440 is and should be an action committed to agency discretion as a matter of law.

sions to the Secretary's discretion. Agencies engaged in prosecutorial and enforcement activities need considerable latitude because of their limited resources and their need to establish priorities. See *Terminal Freight Handling Co. v. Solien*, 444 F.2d 699, 708 (8th Cir.), *cert. denied*, 405 U.S. 996, 92 S.Ct. 1246, 31 L.Ed.2d 465 (1972). In exceptional circumstances, the agency's need for broad discretion may be outweighed by the need to control the exercise of that discretion.[12] In this case, plaintiffs have not alleged any exceptional circumstances that would justify judicial review of the Secretary's refusal to bring enforcement actions against those employers and consultants who plaintiffs allege violated the LMRDA.[13]

For these reasons, the Court concludes that the grant of discretionary authority to the Secretary under section 440 is so broad that there is no law to apply. Accordingly, the Court lacks jurisdiction to review the merits of plaintiffs' claim because the Secretary's decision not to bring an enforcement action is one committed to agency discretion as a matter of law. *Citizens to Preserve Overton Park v. Volpe, supra*, 401 U.S. at 410, 91 S.Ct. at 820.[14]

**12.** For example, if the Secretary brought enforcement actions in a constitutionally discriminatory manner (*e.g.*, actions only against black employers), a court would be justified in reviewing what would otherwise be an unreviewable exercise of the Secretary's enforcement discretion. *Save the Bay, Inc. v. EPA, supra*, 556 F.2d at 1295. Likewise, if the Secretary were to declare that he no longer would enforce Title II, or otherwise completely abrogate his enforcement responsibilities, then judicial inquiry might be warranted.

Plaintiffs, however, have failed to allege any actions by the Secretary or the Department of Labor that state a cause of action. Unlike the defendant agency in *Chaney v. Heckler, supra*, 718 F.2d 1174, the Department of Labor has taken some action against employers and consultants who violate the reporting and disclosure requirements of LMRDA. Kawasaki's alleged reportable activity challenged by plaintiffs in this case is the same activity challenged in an earlier NLRB case in which an Administrative Law Judge found that Kawasaki's supervisory personnel committed unfair labor practices. *Kawasaki Motors Corp. and International Union, United Automobile, Aerospace, and Agricultural Implement Workers of America, AFL–CIO (UAW)*, N.L.R.B. Case Nos. 17–CA–8337, –8854, –8936, –RC–8473, January 20, 1981; *aff'd*, 1980–81 CCH NLRB ¶ 18,281, August 3, 1981; *order enforced*, 691 F.2d 507 (9th Cir.1982). The remedy in that action required Kawasaki to provide the UAW and the employees of the Kawasaki plant with substantially the same information sought in this petition. In addition, the Secretary has brought four Title II cases since 1981, and has recently requested the Justice Depart-

ment to file a civil action against a consultant who refused to file a report under section 433(b). Affidavit of Richard B. Hunsucker, Director of Office of Labor-Management Standards Enforcement. Although the extent of the Secretary's enforcement activities may not measure up to plaintiffs' expectations or desires, the Secretary has not completely abdicated his enforcement responsibilities. See *e.g., Adams v. Richardson*, 480 F.2d 1159 (D.C.Cir.1973).

**13.** The Secretary also argues that the exercise of his enforcement discretion is unreviewable because the Constitution grants to the executive branch, rather than the judiciary, the responsibility to "take care that the laws be faithfully executed," U.S. Const. art. II, § 3. It is clear, however, that judicial efforts to enforce a clear congressional mandate do no violence to the principle of the separation of powers. *Caswell v. Califano*, 583 F.2d 9 (1st Cir.1978).

**14.** It is therefore not necessary to address the Secretary's third argument in support of his motion for dismissal or summary judgment, *i.e.*, the decision not to bring enforcement actions in those cases complained of by plaintiffs is not arbitrary, capricious, or contrary to law. Even if the matters raised in plaintiffs' complaint were justiciable, the Court would dismiss count one of plaintiffs' complaint because the Secretary's Statement of Reasons for denying the petition to compel reports from Kawasaki, Tate, and Sykes for their alleged reportable activities at Kawasaki's Lincoln, Nebraska plant is both rational and defensible. *Dunlop v. Bachowski, supra*, 421 U.S. at 573, 95 S.Ct. at 1860.