**INTERNATIONAL UNION, et al., Plaintiffs,**

v.

**SECRETARY OF LABOR, et al., Defendants.**

**Civ. A. No. 82–2515.**

United States District Court, District of Columbia.

Jan. 29, 1988.

---

5

so broad that there was no law to apply. *International Union v. Donovan,* 577 F.Supp. 398 (D.D.C. 1983).

The Court of Appeals upheld that decision with respect to a number of issues, but it concluded that one of the union's challenges was, properly construed, an attack on the Secretary's interpretation of a statute and that, with respect to that issue, nothing in the Administrative Procedure Act or in *Heckler v. Chaney,* 470 U.S. 821, 105 S.Ct. 1649, 84 L.Ed.2d 714 (1985), precludes judicial review. The court went on to state that, although further factual development was not necessary, it was "reluctant to pass judgment on an issue involving so complex a statute as the LMRDA without the benefit of adequate briefing and argument," and it accordingly remanded the case to this Court "for its judgment on the substantive merits." *International Union v. Brock,* 783 F.2d 237, 251 (D.C.Cir.1986).

Abraham L. Zwerdling, Wendy L. Kahn, Zwerdling, Paul, Leibig, Kahn & Thompson, Washington, D.C., Jordan Rossen, Gen. Counsel, Leonard Page, Associate Gen. Counsel, United Automobile Workers, Detroit, Mich., for UAW and Workers' Defense League.

Jules Bernstein, Laurence E. Gold, Connerton, Bernstein & Katz, Washington, D.C., for Center to Protect Workers' Rights.

Sandra M. Schraibman, Mellie H. Nelson, U.S. Dept. of Justice, Civ. Div., Washington, D.C., for defendants.

## MEMORANDUM

HAROLD H. GREENE, District Judge.

This action was brought by plaintiffs, a labor union and two non-profit organizations, to challenge the decision of the Secretary of Labor not to bring an enforcement action against Kawasaki Motors Corporation, an employer, and Tate, Brucker & Sykes, its attorney-consultants, for failing to file reports allegedly required under section 203 of the Labor–Management Reporting Disclosure Act of 1959 (LMRDA), 29 U.S.C. § 433. This Court dismissed the action, holding that the enforcement authority of the Secretary under the Act was

### I

The standard of review to be applied here with respect to the Secretary's interpretive decision is that laid down in *Chevron U.S.A. v. Natural Resources Defense Council,* 467 U.S. 837, 104 S.Ct. 2778, 81 L.Ed.2d 694 (1983). Under *Chevron,* the reviewing court must first determine "whether Congress has directly spoken to the precise question at issue," and if so, it must give effect "to the unambiguously expressed intent of Congress." 467 U.S. at 842–43, 104 S.Ct. at 2781–82. If Congress has not addressed the issue, the court determines whether the "agency's answer is based on a permissible construction of the statute." If it is, the court upholds that answer; if it is not, remand is in order. *Id.* at 843, 104 S.Ct. at 2782.

### II

The LMRDA directs employers and consultants to report any agreement or arrangement pursuant to which the consultant "undertakes activities where an object thereof is, directly or indirectly ... to persuade employees ... or ... to supply an

employer with information concerning the activities of employees or a labor organization...." LMRDA § 203(a)(4), (b); 29 U.S. C. § 433(a)(4), (b). The parties disagree on the issue whether there must be direct contact between a consultant and employees for the reporting provision to be triggered.

The Department has expressed its view that when an attorney-consultant advises the employer, including the employer's supervisors, regarding anti-union activities during an UAW organizing campaign, his actions do not constitute persuader activities under the Act and hence do not require the filing of reports. The union disagrees with that conclusion. It argues from the words of the statute that reporting of activities is required where "an object," directly or "indirectly" is to persuade. Thus, according to the union, if a consultant trains supervisors to convince employees to vote against a union in a representation election, that constitutes an activity "an object" of which is to persuade employees, directly or indirectly, not to exercise their organizational and bargaining rights. It follows that the agreement must be reported, even though other objects of the activity may be to give advice to the employer and to assure that the supervisors do not commit unfair labor practices.

The Secretary, on the other hand, relies in addition to legislative history (*see infra*) upon the provision in section 203(c) of the LMRDA which exempts from the reporting requirements the giving of "advice" by a consultant to the employer. The Secretary argues that the juxtaposition of the two provisions creates an ambiguity which he is entitled to resolve and the resolution of which the courts must respect.

It is certainly true that, as the legislative history suggests, Congress intended to grant broad scope to the term "advice." *See* H.Conf.Rep. No. 1147, 86th Cong., 1st Sess. at 33; *see also Donovan v. Rose Law Firm*, 768 F.2d 964, 974 (8th Cir.1985). That conclusion, however, does not provide the full answer here, for two reasons.

First, as noted above, for a consultant's activity to be reportable, only one of its objects needs to be that of persuasion, and clearly, whatever may be the scope of the term "advice," it does not exempt from the reporting requirement activities that amount to persuasion. Second, if the Secretary is correct, indirect persuader activities, which the statute on its face plainly covers, would be entirely eliminated from coverage by an interpretation that exempts contacts by consultants with employees through supervisors.

As indicated above, the Secretary relies heavily upon the Conference Report statement that section 203 grants a broad exemption from reporting requirements with respect to advice. Nevertheless, he concedes that the line between advice and persuasion is not clear,[1] and he argues that, to the extent that an ambiguity exists, he had the power to resolve it by his interpretation to the effect that, if the employer retains the right to accept or reject the material, the activity is "advice" and need not be reported. The Secretary further notes that a principal purpose of the Act's reporting requirements is to permit employees to identify the real source of materials designed to persuade them regarding organizing or collective bargaining rights; that employees identify supervisors as management; and that therefore activities based on supervisors' advice from consultants would be recognized as furthering management's interest without the need for reporting.

These contentions are not persuasive. It is clear from the legislative history—and the Secretary acknowledges[2]—that Congress was concerned with behind-the-scenes manipulations of employees by consultants. It is on this basis that various courts have consistently rejected the argument that the identity of the persuader as a management agent relieves him of his reporting obligation. *Humphreys, Hutcheson & Moseley v. Donovan*, 755 F.2d 1211, 1215 (6th Cir.1985); *Master Printers v.*

---

1. Memorandum in Support of Motion for Summary Judgment at 18.

2. Memorandum in Support of Motion for Summary Judgment at 19.

*Donovan,* 751 F.2d 700, 708–11 (4th Cir. 1984); *Wirtz v. Fowler,* 372 F.2d 315, 324–25 (5th Cir.1966). Moreover, with but a single exception,[3] the decided cases hold that the advice exception protects from disclosure advice only by a consultant who engages in no reportable activity whatever. *Humphreys, Hutcheson & Moseley v. Donovan, supra; Donovan v. Master Printers Association,* 532 F.Supp. 1140 (N.D.Ill. 1981), *aff'd and adopted,* 699 F.2d 370 (7th Cir.1983); *Price v. Wirtz,* 412 F.2d 647, 649–51 (5th Cir.1969) (*en banc*); *Douglas v. Wirtz,* 353 F.2d 30 (4th Cir.1965). All of these decisions would have to be regarded as in error if the Secretary's theory regarding identification of consultants with management were correct.

One must also be mindful of the fact that sections 203(a) and (b) require reporting when "an object" of an activity is to persuade—the law does not mandate that it be the sole object. *See Local Union No. 501, International Brotherhood of Electrical Workers v. NLRB,* 756 F.2d 888, 892 (D.C. Cir.1985). Section 203(c), by contrast, provides that an employer or consultant need not file a report regarding his services "by reason of" his giving or agreeing to give advice. The three sections can be reconciled by a holding that where one of the objects in sections 203(a) and (b) is present the exemption is inapplicable (even if the giving of advice was also involved); the Secretary's construction—as he appears to concede[4]—can be sustained only by ignoring part of the statutory scheme.[5]

### III

The Secretary also relies in support of his position on the "split income" theory. Section 203(e) of the Act, 29 U.S.C.

§ 433(e), excepts from the reporting requirement services and expenditures of "regular" supervisors which reasonably could be expected to include advocating management positions. Based on that provision, the Secretary suggests that the Act is ambiguous on the question as to whether a pro rata share of supervisors' salaries should be reported, and that, in any event, no reports are required if the supervisor receives only his regular salary. Here again the departmental construction of the Act is far too strained to pass muster even under the broad *Chevron* standard.

Section 203(e) provides that "[n]othing in this section shall be construed to require ... any employer ... to file a report covering expenditures made to any regular ... supervisor ... as compensation *for service as a ... supervisor....*" Only if the language of section 203(e) did not include the italicized language would the Secretary's construction be persuasive; as the section actually reads, reports are plainly required for expenditures made outside the regular salary scheme. *See also* Conference Committee Report, H.R. No. 1147 on S. 1555 at 33, 1 NLRB at 937, which states that "no employer is required to file a report of expenditures made to any of his regular officers, supervisors, or employees *for their services as such* " (emphasis added).

The Secretary's construction likewise cannot be sustained on the basis of the argument, much mooted in the government's papers, that the statute should not be interpreted in a "sterile textual vacuum," and that the legislative history does not distinguish on the basis of whether the regular supervisor's activities are unfair labor practices, plainly lawful, or in a murky, uncertain gray area.[6] Ambiguous statutes may certainly be given concrete meaning by an enforcing agency. But, as

---

3. *Donovan v. Rose Law Firm, supra.* The Department of Labor has always endorsed the view of the Fourth, Fifth, Sixth, and Seventh Circuits. Interpretative Manual at section 265.-400.

4. In Defendants' Memorandum in Opposition, at 12, the Secretary states that section 203(b) and section 203(c) are "inconsistent."

5. There is also some significance to the fact that in the past, and to some extent even in the

present, the Department of Labor has taken the position that indirect contacts must be reported. Interpretative Manual at sections 263.100, 263.-200. Lawsuits brought by the Department in *Dunlop v. John Sheridan Associates, Inc.,* C.A. No. 75–C–4205 (N.D.Ill.1975); *Marshall v. South Hills Health System,* C.A. No. 81–66 (W.D.Pa. 1981), proceed on the same theory.

6. Memorandum in Support of Motion for Summary Judgment at 15–16.

noted above, the statute is hardly ambiguous; it clearly exempts from the reporting requirement only compensation for regular services, not for persuader activities.[7] In that regard, it is quite true that, as the Secretary notes, the statute does not distinguish between otherwise lawful or unlawful activities; but the conclusion he draws that is incorrect, under the law all persuader activities must be reported. *See* S.Rep. No. 187 at 11, reprinted in 1 NLRB at 407, which states:

> The expenditures may or may not be technically permissible under the National Labor Relations or Railway Labor Acts, or they may fall in a grey area ... In any event, where they are engaged in they should be exposed to public view ...

### IV

For the reasons stated, it is the Court's conclusion that the Secretary's construction of the Act cannot stand,[8] and that summary judgment must be granted to the plaintiffs.

---

**7.** In fact, prior to 1982 the Secretary construed the statute as requiring pro rata salary reports, that is, the reporting of salaries to supervisors not made in the regular and ordinary course of their employment. Interpretative Manual at sections 255.200, 254,100; Defendants' Memorandum in Support of Motion for Summary Judgment at 14.

**8.** Contrary to plaintiffs' contentions, the Court would not be justified, in the statutory interpretation context, to consider the Secretary's decision to allocate resources elsewhere. *See* Defendants' Reply Memorandum at 5; Defendants' Memorandum in Opposition at 11 n. 11.